## DOLLAR DODGE RENT SERVICE, Inc., v. McEWEN. (No. 3068.)

(Court of Civil Appeals of Texas. Texarkana. May 20, 1925. Rehearing Denied June 11, 1925.)

1. Appeal and error ⬀1010(1)—Contributory negligence of pedestrian, struck by automobile, held fact question for trial court.

Whether pedestrian, struck by automobile, exercised such reasonable care, before and while crossing street, as ordinarily prudent person would have done, *held* fact question for trial court, whose finding, supported by evidence, will not be set aside by appellate court.

2. Municipal corporations ⬀706(3)—Burden on plaintiff to prove operation of automobile at speed forbidden by ordinance.

In absence of special allegation in petition that particular locality of injury to plaintiff, struck by automobile, was within business district of city, as defined by ordinance regulating speed of automobiles, burden was on plaintiff to show that automobile was being operated on specific streets in such city at rate specially forbidden by ordinance in that locality.

3. Municipal corporations ⬀706(5)—Finding automobile driver violated speed limit sustained.

In action for injuries to pedestrian, struck by defendant's automobile, evidence *held* to support court's conclusion that defendant violated speed limit of 10 miles per hour in business district of city, though it was not shown that point where injury occurred was within such district as defined by ordinance.

4. Appeal and error ⬀931(4)—Finding, that defendant automobilist violated speed limit, assumed in support of judgment for plaintiff.

Appellate court must assume, in support of judgment for plaintiff, struck by defendant's automobile, that trial court found that defendant violated speed limit fixed by ordinance for locality of accident.

5. Municipal corporations ⬀706(2)—Petition held to warrant evidence automobile driver violated speed limit.

Allegation of petition, in action for injuries to pedestrian, struck by automobile, that latter was being operated at intersection of named streets in certain city, at more than 30 miles an hour, which was forbidden in such locality by statute and city ordinances, *held* broad enough to warrant evidence and conclusion therefrom that defendant violated speed limit

fixed by ordinance for locality in which accident occurred.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by W. M. McEwen against the Dollar Dodge Rent Service, Inc. Judgment for plaintiff, and defendant appeals. Affirmed.

This suit was by the appellee to recover damages for personal injuries alleged to have been sustained as the result of negligence of appellant in operating an automobile upon the streets of the city of Dallas. As alleged, the appellee was struck and knocked down "at or about the intersection of Commerce street and Field street in the city of Dallas" by "defendant's service car or taxicab, being a Dodge closed automobile, a motor vehicle offered and operated for hire, five-passenger, and driven by one of defendant's employés, going at a high rate of speed, to wit, in excess of 30 miles an hour, and in violation of the ordinances of the city of Dallas, Tex., and the laws of the state of Texas, in such cases made and provided, and without sounding the horn of said automobile or any warning whatever."

The defendant specially pleaded:

"Contributory negligence in walking into the lane of traffic in which the defendant's cab was moving without first looking to see if his path was clear; and in suddenly stepping from behind a vehicle moving in the opposite direction from the course of defendant's cab, and into the path of the defendant's cab so that defendant's driver had no opportunity to see plaintiff in time to avoid striking him."

The case was tried before the court without a jury, and upon full hearing judgment was entered in favor of the plaintiff. There is involved, in the judgment of the court, the findings of fact to support it that the defendant was guilty of the specific negligence alleged, proximately causing personal injury to the plaintiff to the amount of damages found, and that there was no contributory negligence on the part of the plaintiff.

It is shown that Commerce street in the city of Dallas runs east and west. The street car line is on Commerce street. Kendall street runs north and south, and intersects Commerce street. The Waldorf Hotel is situated on the west side of Kendall street and on the south side of Commerce street. Field street runs north and south, and intersects Commerce street. The Rock Island Railway Company's ticket office is on the northeast corner of Commerce and Field streets. It appears that the appellant's automobile, driven by an employé, was going west on Commerce street, and it struck and injured appellee "on Commerce street" and "about two or three feet from the street car

track, on the right-hand side of the street," on the west of and "above the intersection of Field street with Commerce street, a little east of the main part of the Waldorf Hotel." It appears appellee was walking directly across Commerce street from the north side to the south side. He had come from Main street, his place of business, to Commerce street, and was proceeding to cross Commerce street at the time he was struck by the automobile. At the time of the injury, the automobile was being driven "on the right-hand side of Commerce street," but at a rate of speed about which the evidence is conflicting. According to the evidence in behalf of the appellee, the automobile was going, when "within about 10 or 15 feet of Mr. McEwen," at "25 or 30 miles an hour"—"at least 20 or 25 or 30 miles an hour"—and the driver "did not stop or turn the car either way," and "went probably 10 feet or more after he struck Mr. McEwen before he stopped." Further, as testified, no warning of the approach of the car was given by the driver. The evidence in behalf of the appellant was that the automobile was running at about "10 miles an hour." The driver of the car testified:

"At the time the accident happened, I was going out Commerce street from the east, and on the right-hand side of the street. Just as I got to Kendall street, that intersects Commerce street, near the Waldorf Hotel, there was a Cadillac car coming out of Kendall street and I slowed up for it. There was a street car going west on Commerce street, and right behind the street car was a big truck going west. And Mr. McEwen came from behind the big truck at the time I was right on him, before I knew he was there or before I saw him. I stopped just as quick as I could. I whipped the car around, and the right fender struck him and knocked him down. I stopped just as quick as I could. * * * I judge that I was going about 10 miles an hour at the time the Cadillac car cleared itself of the course I was going. * * * Mr. McEwen was immediately in front of my car before I had time to do anything; it was just as quick as lightning and I jambed on my brakes just as quick as I could. Mr. McEwen was walking across the street, and had a book in one hand and a pencil in the other. He was looking up the street towards the Waldorf Hotel; he was not walking straight across the street, but he was walking angling across to the Waldorf Hotel. * * * There was as much as 10 or 15 feet distance between the truck, that passed on my left, and the left-hand side of my car."

Another witness testified substantially as the driver.

The witness King, for appellee, testified:

"At the time of the accident, I was standing on the north side of Commerce street by the Rock Island ticket office. I saw the car before and at the time it struck Mr. McEwen. It struck him and knocked him about 9 or 10 feet to the pavement. I did not notice any other cars there in the street at the time of the ac-

cident. * * * I saw the car coming, and saw Mr. McEwen going across the street. I saw the car coming pretty fast, and I thought the driver would stop, but he did not stop or turn the car either way. * * * At the time he was struck, he was walking pretty fast across the street. At the time he started across the street, he was reading a book. Anyway he had a book or carton of cigarettes in his hand. * * * I could not say that Mr. McEwen did, or did not, make any effort to get out of the way to avoid being struck by the car, because he did not see it until it was right on him. At the time, he was walking pretty fast across the street. He did not seem to be aware of the approach of the car. * * * It is my idea of the speed of the car that struck Mr. McEwen that it was going about 25 or 30 miles an hour. * * * If there had been any warning given by the driver of the car, I would most certainly have heard it. I did not hear any horn or warning with horn given."

The appellee testified:

"I used the usual precaution in crossing the street, and I always do when I go to cross a street. I looked both ways, but I did not see any cars at all. I looked up the street to my left. I did not see any cars or automobiles. I did not hear any horn sounded by any automobile at all. * * * There was not a thing there to obscure my vision and prevent me from seeing the car before it struck me. I first became aware of the approach of the car just before it struck me—when it was within two or three feet of me. I tried to get out of the way of it, but couldn't do it. * * * I had a carton of cigarettes in my hand. I am division salesman for the R. J. Reynolds Tobacco Company. I was not writing on any pad or reading any book. * * * When the car struck me, it was just about the intersection of Field street with Commerce street, just a little east of the Waldorf Hotel."

The traffic ordinances of the city of Dallas provide, as proven, as follows:

"Section 13. *Business District—Speed.* The district hereinafter described is designated as the business district, and the speed limit therein shall not exceed a greater rate of speed than fifteen (15) miles per hour. The maximum speed in parts of the city outside of the hereinafter designated business district shall be as provided by the state law per hour. The said business district is described as follows:

"Beginning at the intersection of Houston and Young streets; thence east along the south side of Young street to Harwood street; thence south along the west side of Harwood street to Canton street; thence east along the south side of Canton street to the intersection with the east line of Preston street; thence north along the east line of Preston street to Commerce street; thence to Commerce street; thence east along the south line of Commerce street to Hawkins street; thence along the east line of Hawkins street to the north line of Pacific avenue; thence to Harwood street; thence north along the east line of Harwood street to Ross avenue; thence along the north line of Ross avenue to Houston street; thence

south along the west line of Houston street to the south line of Young street.

"Section 24. *Reasonable and Safe Speed.* That notwithstanding the rules herein with reference to speed, no· person in charge of any automobile or other vehicle on any street of the city of Dallas shall drive .the same at any greater rate of speed than is reasonable and safe, taking into consideration the amount and condition of traffic on said street, and the number, age, and condition of pedestrians thereon, and under no circumstances so as to endanger the life or limb, of any person thereon."

Collins & Houston, of Dallas, for appellant.

J. N. Townsend, of Dallas, for appellee.

LEVY, J. (after stating the facts as above). [1] The propositions of appellant present, in effect, the two points in view that (1) the evidence establishes contributory negligence as a matter of law, and (2) the evidence fails to establish the special negligence pleaded. Appellant specially pleaded contributory negligence of appellee in bar of his recovery, and the evidence, considered as a whole, clearly made the issue. The undisputed evidence shows that the automobile was in its proper place on the street, on the right-hand side of the street, going east. The appellee was also in his rights in crossing the street from the north to the south side. It is obvious from the evidence that the appellee did not see the automobile, until just before it struck him, and it was too late to get out of its way. The speed of the car and the lack of any warning might have been the cause. Also the lack of sufficient alertness on appellee's part might have been the cause. In one view of the evidence, the appellee might have seen the automobile sooner, had he merely looked to his left, the direction of the approaching car, there being nothing, as he said, to obstruct his vision in that direction, and thus have avoided being struck, although the car was approaching at a high rate of speed. But considering all the circumstances of appellee's conduct, there is not an absence of all care and prudence on his part for his safety in going across the street. He first used the precaution, before starting across, to look and ascertain the use being made of the street. He saw no approaching cars and started to alertly cross the street, in clearance distance of cars on the street, as it appeared to him. The car could quickly come on him, being run at a fast rate of speed, and no warning given of its approach. It it be conceded that he might have avoided being struck by being more alert, yet it does not necessarily follow that appellee would be guilty of negligence as a matter of law, in view of all the attending circumstances. The question became an open one, in all the facts and circumstances, as to whether the appellee exercised reasonable care in going across the street, and while crossing the street such as an ordinarily prudent person would have done. Whatever the finding of fact in the first instance could properly have been, the appellate court would not, as a pure matter of law, be authorized to set it aside or disturb it. El Paso Electric R. Co. v. Terrazas (Tex. Civ. App.) 208 S. W. 387; Lancaster v. Browder (Tex. Com. App.) 256 S. W. 905.

[2] In respect to the second point, the appellant's insistence is that, as there was no allegation nor proof offered to·show that the alleged unlawful rate of speed "occurred in the business district" of the city of Dallas, a recovery was not allowable thereon, as being a violation of express terms of law, the city ordinance or the state statute. The negligence pleaded by the appellee, and upon which he relied for recovery, was that the automobile was being operated, "at or about the intersection of Commerce street and Field street in the city of Dallas," at a "rate of speed in excess of 30 miles an hour," which rate of speed was forbidden in that locality by "the ordinances of the city of Dallas and the state of Texas, in such cases made and provided," and "without sounding the horn of said automobile or giving any warning whatever" of its approach. The petition does not specially allege that the particular locality of injury was within the "business district" of the city, nor does it exclude the idea that the particular locality was within the "business district." Therefore the terms of the city ordinance respecting the limit of speed and the localities fixed are important to be considered. The city ordinance, as proven, undertakes to regulate the rate of speed of automobiles within the entire city limits. The ordinance by its terms first bounds a certain area by streets· and specially designates that locality as a "business district," and fixes a speed limit therein which "shall not exceed a greater rate of speed than 15 miles per ·hour." The ordinance next provides generally as follows:

"The maximum speed in parts of the city, outside of the hereinafter designated business district, shall be as provided by the state law per hour."

The ordinance, then, must be considered as providing a speed limit for automobiles as applicable to (1) the specially bounded "business district" of "15 miles per hour," and (2) to "parts of the city outside of the hereinafter designated business district" as provided "by the state law per hour." It clearly intended to adopt and make applicable the state law, so far as pertained to the remaining streets and localities within the corporate limits of the city. And the speed limit, "as provided by the state law" in force at the time of the injury was: (1)

"It shall be unlawful to drive at a rate of speed in excess of 25 miles per hour"; and (2) "nor at a greater rate of speed than 10 miles per hour in the business district of cities of more than 40,000 population."

[3-5] Therefore, in view of the allegations, the burden of proof rested upon the appellee to show, in order to recover damages, that the automobile was being operated to his injury on the specified public street in the city of Dallas without signal or warning at a rate of speed specially forbidden in that locality by the terms of the city ordinance. There is no evidence making applicable the terms of the ordinance forbidding a "greater rate of speed than 15 miles per hour," for it is not shown that "Commerce street," at the point where the injury occurred, was within the boundaries specially defined in the ordinance. And it may be, for aught the record shows, that "Commerce street," at the point of injury, was not in fact within the specially bounded "business district." But it cannot properly be said that there is an absence of any evidence to support the court's conclusion, as we must assume he made in support of the judgment, that the appellant violated the speed limit of "10 miles per hour." The allegation in the petition is broad enough to cover that ground, and while the evidence in that respect is not as full as it probably could have been made, yet it is of probative force and reasonably definite enough to support the court's conclusion. For there is an absence of any evidence in the record tending to weaken or disprove the probative force thereof. The witness King testified, "at any rate, I know that he was exceeding the speed limit, and the speed limit at that time and place was 10 or 12 miles an hour." The evidence in behalf of appellee was that the automobile was running at 25 miles or more an hour. The witness may have been in a position to "know," in point of fact, the lawful speed limit at that place. It may have been within his knowledge, had he been asked the question, that that "place" was a place chiefly devoted to business purposes, constituting it a "business district" and thereby making applicable the lawful speed limit of "10 miles an hour." He may have had means of knowing in several ways the speed limit at that "place." There is no evidence tending to show that Commerce street, at the point of injury, was not in fact "a business district," in contradistinction to a residence district.

The appellant further urges that the amount of damages awarded is excessive. We are unwilling to disturb the trial court's judgment in this respect, and therefore overrule the assignment, since it might properly be found that the injury was to the extent determined by the court.

The judgment is affirmed.