MARY A. BOAZ V. WHITE'S AUTO STORES ET AL.

No. 8081. Decided June 9, 1943.
Rehearing overruled July 14, 1943.
(172 S. W., 2d Series, 481.)

*Sidney L. Samuels,* of Fort Worth, *Storey, Storey & Donaghey,* of Vernon, and *Bouldin & Bouldin,* of Mineral Wells, for petitioner.

The Court of Civil Appeals erred on holding that deceased, Boaz, was guilty of contributory negligence, as a matter of law, in entering and crossing said highway at the time and place and under the circumstances that he did cross it. LeMaster v. Fort Worth Transit Co., 138 Texas 512, 160 S. W. (2d) 224; American Gro. Co. v. Abraham, 94 S. W. (2d) 1231; Cook v. Mann 40 S. W. (2d) 72; Choat v. San Antonio & A. P. Ry. Co., 91 Texas 406, 44 S. W. 69.

*T. R. Boone* and *Kearby Peery,* both of Wichita Falls, for respondent.

MR. JUDGE HICKMAN of the Commission of Appeals delivered the opinion for the Court.

In the trial court petitioner, Mrs. Mary A. Boaz, was awarded judgment against respondents, White's Auto Stores, a partnership, and the individual members thereof, for damages on account of the death of her husband, Asa Boaz, who lost his life as a result of being struck by a truck belonging to respondents on a highway about four miles from the town of Oklaunion, Texas. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment that petitioner take nothing, the ground of its decision being that, as a matter of law, the negligence of the deceased, Asa Boaz, contributed to the collision and resulting injuries. 166 S. W. (2d) 942.

It is disclosed that Asa Boaz was struck by the truck at about eight o'clock P. M. at the intersection of Highway No. 183 running north and south and a graveled country road running east and west. He was walking west on the graveled road and the truck was being driven south on the highway. The paved

portion of the highway was 18 feet wide. No one accompanied him and the evidence with respect to how the accident happened is fragmentary. There is evidence to the effect that at the time he started to cross the highway respondent's truck was from 600 to 800 feet north of the intersection. The only other motor vehicle which was approaching the intersection was an automobile some 500 to 800 feet south of the intersection and traveling north. That automobile was still 300 feet from the intersection at the time the truck struck the deceased. It was being operated at a speed of 35 miles per hour, which indicates that the truck was being operated at a very high rate of speed. There is also evidence that deceased was struck on the western edge of the pavement with the right front fender of the truck. The evidence is set out in more detail in the opinion of the Court of Civil Appeals. It reveals these controlling facts: The deceased started to walk across a highway with which he was familar on a dark night when there was a truck approaching from one direction and a car from the other, each being some 200 yards or more distant fom the point where he started to cross. Why he did not get across this 18-foot pavement before the truck struck him rests in pure conjecture. All that is known for certain is that he did not get across, but was struck by the right front fender of the truck on the edge of the pavement.

■■ The above statement, to our minds, leads certainly to the conclusion that it cannot be held, as a matter of law, that the acts of the deceased constituted contributory negligence, for the fact that the cause of the collision rests in conjecture, within itself, precludes such a holding. The presumption is that the deceased exercised ordinary care for his own safety, and in order for respondents to be entitled to have it ruled that, as a matter of law he failed to do so, the burden rested upon them to overcome that presumption by competent evidence so conclusively that reasonable minds could not differ with respect thereto. The question must be approached from the viewpoint of the deceased. His lips are closed and we do not have the benefit of his version of the occurrence. There is not the slightest suggestion that he was bent on self-destruction, and the strongest of presumptions is that he was not. The most probable explanation of the matter is that he misjudged the distance or the speed of the truck, or both. Persons in ordinary travel are often called upon to estimate the speed of approaching vehicles. It is common knowledge that mistakes with reference thereto frequently occur, particularly at night. Such mistakes of judgment fall far short of establishing want of ordinary care. There are many well reasoned opinions by the courts of this State upon the ques-

tion under discussion. No reason appears why we should undertake to rewrite what is so well written therein. It is thought that the following cases, among others, establish the law in this jurisdiction to be that under the facts of the instant case, it could not be held that, as a matter of law, the death of the deceased was contributed to by his own negligence. Gulf C. & S. F. Ry. Co. v. Gasscamp, 69 Texas 545, 7 S. W. 227; T. & N. O. Ry. Co. v. Harrington (Com. App.) 235 S. W. 188; Pearson v. Texas & N. O. Ry. Co. (Com. App.) 238 S W. 1108; Lancaster v Browder (Com. App.) 256 S. W. 905; McAfee v. Travis Gas Corporation, 137 Texas 314, 153 S. W. (2d) 442; Hines v. Arrant, 225 S. W. 767 (Error Refused) ; Fort Worth & R. G. Ry. Co. v. Sageser, 18 S. W. (2d) 246 (Error Dismissed).

■ Having determined that, in our opinion, the Court of Civil Appeals erred in its holding that relator was precluded from recovery by the contributoy negligence of the deceased, we look to the briefs filed in the Court of Civil Appeals to determine what disposition to make of the case. In that court the respondents, as appellants, briefed several points of error, one of which we now consider.

In the charge to the jury there was embodied the following instruction:

"J. You are instructed that the driver of White's Auto Stores truck was guilty of negligence, as that term has been herein defined in immediately approaching said intersection upon said Highway 183 on the occasion in question at a rate of speed in excess of 25 miles per hour."

To the giving of that instruction the respondents timely filed copious objections. We shall not set out in full because of their length, but among others were the following: That the instruction was a general charge not coming within the purview of the rules of procedure with reference to instructions or definitions in cases submitted upon special issues; that it was not necessary for the jury to be instructed as to whether or not the speed of the truck was negligence before it could properly pass upon the question as to whether or not such as was a proximate cause of the collision and injuries; that the instruction informed the jury of the effect of their verdict, was a comment on the weight of the evidence, was highly prejudicial in that it was calculated to lead the jury to believe that, since the truck driver was violating the law, respondents should pay for the result of the accident in question. Embodied in the objections was a motion

that Special Issue No. 1 be submitted without such instruction. There is no question but that respondents fully and vigorously made known to the court all of their objections to the instructions and the reasons therefor.

Following instruction "J," above copied, the charge read as follows:

"In the light of the foregoing instruction I submit the following issue on proximate cause for your determination:

"SPECAL ISSUE NO. 1.

"Do you find from a preponderance of the evidence that said rate of speed was a proximate cause of said collision and death of Asa Boaz;" To which the jury answered "Yes."

Under the decisions construing Art. 2189, R. C. S. prior to the effective date of the Texas Rules of Civil Procedure the giving of instruction "J" would have been error. Radford Grocery Co. v. Andrews (Com. App.) 15 S. W. (2d) 218; Texas & N. O. Ry. Co. v. Crow, 132 Texas 465, 123 S. W. (2d) 649; Gause-Ware Funeral Home v. McGinley, 41 S. W. (2d) 433 (Error Refused).

The precise question here for decision is whether such change was made by Rule 277, Texas Rules of Civil Procedure, as would authorize the giving of such instruction. The language of Rule 277 bearing upon the particular question for decision is as follows:

"* * * In submitting special issues the court shall submit such explanatory instructions and such definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues, and in such instances the charge shall not be subject to the objection that it is a general charge. * * *."

By comparing this language with that of the statute, Art. 2189, it will be observed that in the rule the words "explanatory instructions" are substituted for the word "explanations." Clearly the rule affords a greater latitude to the trial judge than did the statute, and instructions are now permissible which formerly would have been condemned. However, the rule does not authorize the giving of an instruction which is not "necessary to enable the jury to properly pass upon and render a verdict on such issues;" and which is calculated to prejudice one of the parties before the jury. As stated by Mr. J. D. Dooley, of the

Amarillo Bar, in an article appearing in Vol. 20 of Texas Law Review on page 36, in discussing the language of the rule above quoted:

"* * * This clause will permit explanatory instructions, even in the nature of general charges, whenever there is good need for same to properly aid the jury. In my opinion, however, this does not license an unlimited use of general charges in a special issue case."

■ We cannot perceive how the giving of instruction "J" in charge to the jury aided it in rendering its verdict. Assuming, contrary to the contention of the respondents, that the undisputed evidence disclosed that their driver was negligent, as a matter of law, no reason is perceived why the court should have informed the jury of that fact. The proper method of submitting the case would have been to submit the question of proximate cause without any instruction as to whether or not the respondents were negligent. The instruction was calculated to prejudice the respondents before the jury and probably had that effect.

Petitioner stands upon the proposition that the prejudicial effect, if any, of the instruction was removed by the following: After the jury had been deliberating for some time it sent this communication to the Court, to which the Court made the reply indicated:

"We respectfully ask the Court to advise the jury as follows: Since the Court instructed the jury that the driver of White's Auto Stores truck was guilty of negligence, as that term has been herein defined, in immediately approaching said intersection upon said highway 183 on the occasion in question at a rate of speed in excess of 25 miles per hour, is the jury required to keep this in mind and base their answer to questions as to proper lookout, and proper control of truck?

(Signed) L. A. Cummins
Foreman

"GENTLEMEN OF THE JURY:

"In reply to your written request, you are instructed that instruction No. J, applies only to Special Issue No. 1.

(Signed) C. Y. Welch
Trial Judge."

To our minds the correspondence but emphasized the prejudicial nature of the instruction. It repeated that the driver was a wrongdoer. We sustain the assignment presenting this point.

Other points of alleged error appear in the briefs of the respondents filed in the Court of Civil Appeals, but, in so far as they might appear to have merit, they relate to matters which, in all probability, will not arise upon another trial and, for that reason, need not be decided here.

It is our order that the judgments of both courts below be reversed and the case remanded to the trial court.

Opinion adopted by the Supeme Court June 9, 1943.

Rehearing overruled July 14, 1943.