## BLUNT et al. v. H. G. BERNING, Inc., et al.

### No. 13860.

Court of Civil Appeals of Texas. Dallas. April 16, 1948.

Rehearing Denied May 14, 1948.

Joe V. Moore and W. H. Hall, both of Dallas, for appellants.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellees.

YOUNG, Justice.

The suit was for damages resulting from personal injuries inflicted upon Donnie Faye Blunt, age seven, when hit by the truck of defendant while she was crossing a Dallas Street intersection. Damages assessed by the jury were in sum of $10,000, but upon certain findings of contributory negligence, judgment on the verdict as a whole was for defendant; plaintiff's motion for judgment non obstante being overruled with result of this appeal.

After convicting defendant's driver of specific acts of negligence proximately resulting in the injuries complained of, further answers of the jury to issues were in effect, (Issue 9) that Donnie Faye Blunt failed to stop before attempting to cross Oakland Avenue on the occasion in question; (Issue 10) failed to keep a lookout for defendant's truck; and (11) failed to look in both directions before attempting to

cross Oakland, all of which omissions on part of plaintiff constituted negligence proximately causing the injuries in suit.

Appellants' several points of appeal assert error in the trial court's refusal to render a plaintiff's judgment notwithstanding the jury answers to issues just mentioned, because same were either (a) contrary to undisputed evidence and without any evidence in support, or (b) were each and all contrary to the greater weight of credible testimony.

The accident occurred on the early afternoon of August 6, 1945, at intersection of Oakland Avenue (a highway running north and south) and Pennsylvania Street (running east and west with stop sign at each entrance into Oakland). Donnie Faye, living several doors to the east, was making the trip to the intersection and across Oakland to procure some soft drinks, carrying an empty bottle. Wm. Rainey, driver of defendant's truck, going south on Oakland, testified to approaching the intersection, speed about 20 miles per hour, not seeing the little girl in line of travel until very close; that she was running fast, he attempting a left movement to avoid collision, but failing in this, she was struck by right fender of the truck. Two disinterested witnesses to the scene were Richard Burchette, driver, and Austin McKinney, occupant, of a truck traveling north on Oakland and nearing the intersection. According to Burchette, he first saw the child as she "was trotting" along north sidewalk on Pennsylvania approaching Oakland curb line; that he took his eye off her a moment, next seeing her about middle of Oakland Avenue where she commenced running fast and was hit by right front end of the truck and knocked a distance of six or eight feet. Austin McKinney had also observed Donnie Faye on Pennsylvania Street approaching Oakland, then losing sight of her until she was in Oakland Avenue, first walking across, then beginning to run until three or four feet from northwest corner of Oakland when hit by defendant's truck. By reason of injuries resulting from the casualty, plaintiff testified to an entire loss of memory as to the occurrence or any recollection of having been struck down. However, Mrs.

Gladys Blunt (mother) on cross-examination by defendant was permitted to relate a conversation had with plaintiff concerning the accident in question, viz.:

"Q. Did you talk to Donnie Faye as to how when she left the house, where she crossed the street? * * * A. She said the kids were sitting on the porch and they all gave her their money and she went to get the drinks with the coca cola bottle and she went across Pennsylvania and over' on that corner of Oakland and there is a stop sign on Pennsylvania but there is none on Oakland and she walked up to the crossing to the stop sign where I had gone every morning in taking her to and from school. She said she didn't see a car and she said when she started across and got nearly in to where they drive in at the curb, to get their drinks at the drug store, here come a truck right fast and she said she was fixing to step up and he knocked her around the corner and she told me it hit her head on the curb, the concrete at the drug store."

■ The law very clearly imposes upon each and every person proceeding along or across a public highway or street the duty of maintaining a "proper lookout" for his own safety, the term importing such lookout as a person of ordinary prudence would have kept under the same or similar circumstances; in the case at bar and court charge the jury being further instructed that ordinary care when referring to plaintiff "means that degree of care which would be used by a person of ordinary prudence, of Donnie Faye Blunt's age, experience, capacity, intelligence and discretion * * *." Appellant does not question the rule just stated or the instruction given, but argues that, as applied to immediate facts, the jury's action convicting plaintiff of contributory negligence was wholly unwarranted in that undisputed testimony established that plaintiff was in the exercise of due care; hence, the jury findings under issues 9, 10 and 11 were either without support in the evidence or against the great weight and preponderance thereof. Appellants' argument is this: (1) That the issues involving contributory negligence centered around what she did when reaching the intersection (stopping, looking in both directions, and

for defendant's truck); (2) that both eyewitnesses, Burchette and McKinney, testified only to the movements of the little girl prior to reaching the intersection and after she was in the street, *their attention being momentarily diverted* as she came to the Oakland stop sign; and (3) plaintiff having been bereft of memory as a result of the accident and unable to testify, in absence of other direct evidence on the issues, the well settled presumption would obtain that she was in exercise of due precaution for her own safety in the respects inquired about. In other words, that she did stop at the intersection, look to right and left and for defendant's truck; and therefore, notwithstanding the jury answers to issues 9, 10 and 11, that plaintiff was entitled to judgment.

In absence of direct evidence to the contrary, aforesaid presumption *does* intervene on behalf of an injured party and precludes a court finding of contributory negligence as a matter of law. But the rule extends no further, the victim's conduct, whether negligent or not, continuing as a fact question for the jury to pass upon. The courts have so held in effect, frequently and consistently. Wells Fargo & Co. v. Benjamin, 107 Tex. 331, 179 S.W. 513; Hutcherson v. Amarillo St. Ry. Co., Tex. Com.App., 213 S.W. 931; Jones v. Louisiana Western Ry. Co., Tex.Com.App., 243 S.W. 976; Beaumont, S. L. & W. Ry. Co. v. Sterling, Tex.Civ.App., 260 S.W. 320; Merritt v. Phoenix Refining Co., Tex.Civ. App., 103 S.W. 415; Boaz v. White's Auto Stores, 141 Tex. 366, 172 S.W.2d 481. Obviously the presumption referred to may be dispelled by direct and contrary facts, and if necessary to this opinion we might well hold the rule to be inapplicable in view of the testimony of eyewitnesses, also the statement of plaintiff touching on the situation immediately preceding injury. The point, however, need not be enlarged upon, for plaintiff's only contention here is that the jury findings of contributory negligence should be disregarded as having "no support in the evidence." Of course contributory negligence, like any other matter of defense, cannot be presumed, but is always a subject of proof. No eyewitness having testified to plaintiff's precise conduct at the Oakland and Pennsylvania street corner (whether she stopped or looked in both directions before crossing), it may be that the jury's affirmative findings under issues 9 and 11 were not properly inferable from other physical and undisputed facts. This is a further point we find unnecessary to decide. However, issue 10 (plaintiff's failure to keep a lookout for defendant's truck) bore upon her continuing duty to exercise ordinary care while attempting to cross Oakland Street and was undoubtedly a question for the jury under the testimony of witnesses, inclusive of plaintiff's own statement that she did not see a car. "The issue should be submitted where the victim says he looked prior to starting across the street or highway." Tex.Jur. (Ten Year Supp.), Vol. 2, sec. 207, p. 167, citing Brooks v. Enriquez, Tex.Civ.App., 1943, 172 S.W. 2d 794, 796, error refused; Miller v. Rhodius, Tex.Civ.App., 1941, 153 S.W.2d 491, 492; Martinez v. Pena, Tex.Civ.App., 1940, 139 S.W.2d 337, 339; Koock v. Goodnight, Tex.Civ.App., 1934, 71 S.W.2d 927, error refused; Huntley v. Psimenos, Tex.Civ. App., 1934, 67 S.W.2d 350, error dismissed; Shaver v. Mason, Tex.Civ.App., 1929, 13 S.W.2d 450; Dollar Dodge Rent Service v. McEwen, Tex.Civ.App., 1925, 273 S.W. 889; Merritt v. Phoenix Refining Co., Tex.Civ. App., 1936, 103 S.W.2d 415, 419; Boaz v. White's Auto Stores, 1943, 141 Tex. 366, 172 S.W.2d 481, 482.

Otherwise stated, defensive issue No. 10 on lookout, presenting, as it does, the question of whether a reasonably prudent child of plaintiff's age, experience, capacity, intelligence and education would have acted differently under the same or similar circumstances, was for determination by the jury; and the court's judgment in consequence of findings adverse to a recovery must be affirmed.