**BOYD v. TEXAS & N. O. R. CO.**

**No. 2810.**

Court of Civil Appeals of Texas. Waco.
Feb. 17, 1949.

Rehearing Denied March 17, 1949.

Barney A. Garrett, of Waco, for appellant (on appeal only).

Baker, Botts, Andrews & Parrish, of Houston, Tyson, Dawson & Dawson, of Corsicana, and F. A. Woods, of Franklin, for appellee.

TIREY, Justice.

This is a railroad crossing accident case. Alfred E. Boyd, on the night of October 7, 1946, attempted to cross over appellee's tracks over a footpath crossing in the town of Hearne, Robertson county, Texas, and was killed. His widow brought this suit to recover her damages, which she alleged were caused by the wrongful and negligent acts of appellee. Appellee answered by general denial and pleaded contributory negligence and unavoidable accident. The jury convicted the defendant of certain acts of negligence proximately causing the death of Boyd and found the plaintiff had been damaged in the sum of $10,000, and that she had necessarily incurred funeral expenses in the amount of $1400. The jury also convicted the deceased of contributory negligence proximately causing his death. Plaintiff seasonably filed what she designated "Plaintiff's Motion For Judgment After Verdict." In this motion appellant set out certain findings of the jury on which she says she is entitled to have judgment rendered in her favor. She also set out certain other special issues and the findings thereon which were unfavorable to her, and with reference to these she says the findings are immaterial and should be disregarded by the court in rendering judgment. Appel-·

lant then says: "In the alternative plaintiff requests that this be considered as a motion for judgment non obstante veredicto * * *." The court overruled this motion and entered judgment for appellee, and thereafter overruled appellant's motion for new trial seasonably filed.

Appellant's appeal is based on two points:

"1. The jury having found that appellee was guilty of negligent acts proximately causing the death of appellant's husband and affixing her damages in the sum of $10,000.00, the trial court erred in entering judgment for appellee based upon the jury findings that the deceased was guilty of contributory negligence which was in conflict with other jury findings that the deceased was not guilty of contributory negligence."

"2. The jury having found that appellee was guilty of negligent acts proximately causing the death of appellant's husband and that such acts placed the deceased in a position of peril, the trial court erred in entering judgment for appellee based upon the jury findings that deceased was guilty of contributory negligence in his attempt to extricate himself from such perilous position."

The jury found substantially (2 and 2A) that defendant was guilty of negligence in its failure to maintain a flagman at the footpath crossing and that this was a proximate cause of his death; (3 and 3A) that defendant failed to maintain a warning device for pedestrians at the footpath crossing and that this was a proximate cause of the death of Boyd; (5, 5A and 5B) that the engineer operated the train at a rate of speed greater than a person of ordinary prudence would have done and that such negligence was a proximate cause of Boyd's death; (8, 8A and 8B) that the engineer operated the train in a manner violating the rules of defendant company and that such failure was negligence and a proximate cause of Boyd's death; (13) that deceased failed to exercise ordinary care to keep a proper lookout for a train approaching the crossing before he went upon the main line track; (14) that deceased did not fail to exercise ordinary care to look in both directions for a train before attempt-

ing to cross the main track; (15) that deceased did not fail to exercise ordinary care to listen for the approach of a train before attempting to cross the main line track; (16 and 16A) that deceased failed to exercise ordinary care to ascertain that the way was clear and safe before attempting to cross the main line track and that such failure was a contributing cause of his death; (17, 17A and 17B) that deceased failed to stop and wait until the train had passed over the crossing before attempting to cross the main line track and that such failure was contributory negligence and a proximate cause of his death; (18) that deceased did not fail to exercise ordinary care to ascertain whether there was a train in close proximity to the crossing before he reached the main line track; (19) that deceased discovered the train approaching the crossing before he reached the main line track; and (20, 20A and 20B) that deceased tried to beat the train over the crossing and that such action was contributory negligence and a proximate cause of his death.

It is appellant's position that since the jury found the Railroad Company negligent in failing to have a flagman at the crossing at the time to warn the deceased, and that such negligence was a proximate cause of his death, and that such Railroad was negligent in failing to have a warning device at this footpath crossing, which was also a proximate cause of deceased's death, and since the engineer was operating the train at the time at a rate of speed greater than a person of ordinary prudence, in the exercise of ordinary care, would have operated the same, and that this was negligence and a proximate cause of the death of the deceased, and since the engineer was operating appellee's train at the time in a manner violating appellee's rules and regulations and instructions, which was negligence and a proximate cause of his death, and since the jury found that immediately prior to the accident that deceased was in a position of peril, the trial court should have granted her motion for judgment non obstante veredicto and disregarded the jury's findings convicting deceased of contributory negligence and awarded damages to her as found by the

jury. We cannot agree with this contention.

Under Rule 301, Texas Rules of Civil Procedure (formerly Art. 2211, Vernon's Ann.Civ.Stats., no change in verbiage), judgment non obstante veredicto can be rendered only when the facts are such that an instructed verdict would have been proper. Rodriguez v. Higginbotham-Bailey-Logan, 138 Tex. 476, 160 S.W.2d 234; Le Master v. Ft. Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224; Happ v. Happ, Tex.Civ.App., 160 S.W.2d 227, writ ref. w. o. m.; Dallas County v. Miller, 140 Tex. 242, 166 S.W.2d 922. Our view is that the evidence is sufficient to sustain the jury's findings on contributory negligence of the deceased; and since such findings were based on evidence of probative force, the trial court did not have the power to render judgment non obstante veredicto for plaintiff.

But appellant contends in effect that the court erred in entering judgment for appellee based on the fact that the jury convicted deceased of contributory negligence because the jury found, in answer to Special Issue No. 9, that deceased was in a position of peril immediately prior to the accident. We overrule this contention. Special Issue No. 9 was submitted in connection with the doctrine of sudden peril and the jury found against appellant on this matter. Moreover, the issue of sudden emergency was not tendered by the pleadings and was not submitted and no complaint was made in this behalf. It was appellant's issue and therefore under Rule 279, T.R.C.P., it passed out of the case.

With reference to conflict in jury findings the rule in Texas is: "* * * the existence of an irreconcilable conflict between certain findings is immaterial, if there remains at least one finding supporting the judgment which is not in conflict with any other." Aranda v. Texas & N. O. Ry. Co., Tex.Civ.App., 140 S.W.2d 236, page 240, pars. 10, 11 and 12, writ dis. cor. judg., and authorities there cited. See also opinion of this court in Railway Express Agency, Inc., v. Robinson, Tex.Civ. App., 162 S.W.2d 984, page 989, point 11; Gaines v. Lee, Tex.Civ.App., 175 S.W.2d 728, page 731, point 7; Karger v. Rio Grande Valley Citrus Exchange, Tex.Civ. App., 179 S.W.2d 816, page 818, point 8.

We have considered appellant's brief very carefully and we are of the opinion that it wholly fails to point out any conflict in the jury's finding wherein the jury found in answers to Special Issues Nos. 16 and 16A that the deceased failed to exercise ordinary care to ascertain that the way was clear and safe before attempting to cross the main line railroad track on said occasion, and that such failure was a contributing proximate cause of his death, and further in the jury's answers to Special Issues Nos. 17, 17A and 17B wherein the jury found in effect that deceased failed to stop and wait until the train had passed over the crossing before attempting to cross the main line track on said occasion, and that such failure was contributory negligence and a proximate cause of his death, and in answer to Special Issues Nos. 20, 20A and 20B wherein the jury found that deceased tried to beat the train over the crossing, and that such act was contributory negligence and a proximate cause of his death. Our view is that the foregoing findings of the jury are not in conflict with the jury's findings that the railroad company was guilty of negligence in failing to have a flagman at the crossing and a warning device and that the engineer was operating the train at a negligent rate of speed and that each of these negligent acts was a proximate cause of the death of deceased for the reason that it is clear to us that the jury was of the opinion (as shown by its findings) that if the deceased had exercised ordinary care to ascertain that the way was clear and safe before attempting to cross the main line track (since he listened and looked in both directions and saw the train approaching before he reached the main line track), or if he had stopped and waited until the train had passed over the crossing before attempting to cross the track, or if he had not tried to beat the train over the crossing, said accident would not have occurred with the resulting death of deceased. Moreover, the jury found in answer to Special Issue No. 13 that deceased failed to exercise ordinary care to keep a proper lookout

for a train approaching the crossing before he went upon the main line track.

■■ "Our courts have uniformly held that apparent conflicts in the jury's answers should be reconciled if this can be reasonably done in the light of the facts in a particular case, the pleadings and evidence, the manner in which the issues were submitted, and in view of the other findings, when considered as a whole. It is further held that findings on ultimate facts will control those on merely evidentiary issues and specific findings will control general ones, and that if, upon a reasonable interpretation of the findings, it appears that they are not in real and irreconcilable conflict, that they then form the proper basis for judgment." Aranda v. Texas & N. O. Ry. Co., supra, points 10 and 11. See also Thompson v. Railway Express Agency, Tex.Civ.App., 206 S.W.2d·134, point page 137, and cases there collated, and 41 Tex. Jur. 1224.

■ In Menefee v. Gulf C. & S. F. Ry. Co., Tex.Civ.App., 181 S.W.2d 287, writ ref. w. o. m., the court held in effect that the jury's finding that the plaintiff did not keep a proper lookout for trains as he approached the crossing and attempted to cross ahead of the train was not in conflict with its finding that he did look for the train as he approached the crossing, since it was a finding that the plaintiff did not look properly for his own protection. We think that is the exact situation here. Appellee in its brief says: "A proper lookout involves, not only the matter of looking in both directions for a train, listening for a train, ascertaining the close proximity of the train, and actually discovering the train, but it also involves and includes the broader duty of looking in sufficient time, listening in sufficient time, ascertaining the close proximity of the train in sufficient time, and discovering the train in sufficient time to avoid the collision." We are in accord with this view.

Since the findings of the jury to the above Special Issues Nos. 13, 16, 16A, 17, 17A, 17B, 20, 20A and 20B are not in conflict with any other findings of the jury, and since these findings of the jury have support in the evidence and are sufficient to support the judgment rendered in behalf of the Railroad Company, all other questions become immaterial and, under the authorities herein cited, pass out of the case.

The judgment of the trial court is affirmed.