**Daniel O. FARIAS, Appellant,**

**v.**

**Cresencio GAITAN, Appellee.**

**No. 13290.**

Court of Civil Appeals of Texas.

San Antonio.

March 19, 1958.

Carl Wright Johnson, Edward P. Fahey, San Antonio, Elmore H. Borchers, Laredo, for appellant.

Fitzgibbon & Goodwin, Roberto M. Benavides, Laredo, for appellee.

POPE, Justice.

This is a personal injury suit and plaintiff, Cresencio Gaitan, was granted judgment against Daniel O. Farias for $13,000. The trial court rendered judgment for the plaintiff after it disregarded jury answers which found that plaintiff was contributorily negligent in failing to keep a proper lookout. Defendant urges that the court erred in disregarding answers when there was evidence which supported them, and also in affirmatively charging the jury that the defendant violated the traffic laws at the time of the injury.

■ Plaintiff, Gaitan, was on a city bus in Laredo, Texas. The bus was headed east on Gustavus Street when it stopped at an intersection. Gaitan got off the bus, walked around in front of it, and proceeded north across Gustavus Street. Defendant was driving his automobile east along Gustavus Street and as Gaitan walked out from in front of the bus into the street, defendant's car struck Gaitan and hurled him through the air. The jury found that defendant's negligence proximately caused the accident. The jury also found, however, that Gaitan was negligent with respect to the lookout he was keeping when he undertook to cross Gustavus Street, and that his negligence was a proximate cause of his injuries. The court disregarded those two answers. If the court erred, the answers constitute a complete defense of contributory negligence.

Burt v. Lochausen, 151 Tex. 289, 249 S. W.2d 194, 199, as well as many other authorities, states our problem on review of a judgment notwithstanding the verdict, or in disregard of certain issues. " * * * it must be determined that there is no evidence having probative force upon which the jury could have made the findings relied upon." In this case, there was evidence. The accident occurred in open daylight. Plaintiff himself testified that he does not know what hurt him. He only knew that he was hit by a blow. He was asked, "And you never did see what hit you, did you?"

and he answered, "No, sir." Defendant testified that plaintiff, Gaitan, walked out in front of the bus and into the path of the passing car, that Gaitan "never did stop," except that a fraction of a second before the impact, he may have hesitated, but at that time he was already in front of the car. Defendant also testified that plaintiff, Gaitan, was looking to the north, and that he did not turn his head until the instant of the blow. Defendant's wife was in the car with defendant, and she testified that plaintiff "was trying to run across the street," and was moving faster than a "normal gait." A bus passenger testified that he partially saw Gaitan as he walked in front of the bus, but that the bus partly obscured his view and he could only see Gaitan's hat. The passenger "did not notice whether he (Gaitan) turned one way or the other." This was enough evidence to raise the fact issue of lookout, and from it a jury could find that Gaitan hurriedly walked out into the street in front of the bus and failed to look in any direction until he was already in front of the vehicle which struck him. This was not a case in which the findings should be disregarded. De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95; Boyd v. Texas & N. O. R. Co., Tex. Civ.App., 218 S.W.2d 534; Brown v. Dallas Ry. & Terminal Co., Tex.Civ.App., 226 S.W.2d 135; Goree v. Hansen, Tex.Civ. App., 214 S.W.2d 824; Koock v. Goodnight, Tex.Civ.App., 71 S.W.2d 927; Blunt v. H. G. Berning, Inc., Tex.Civ.App., 211 S. W.2d 773.

■ The other point concerns the court's instruction about defendant's negligence per se in passing the bus while it was stopped at a crosswalk at an intersection to permit a pedestrian to cross the roadway. The court gave these instructions concerning the provisions of Vernon's Ann.Civ.St. Article 6701d, § 77(b):

"Our statute provides wherever any vehicle is stopped at a marked crosswalk or at any unmarked crosswalk at an intersection to permit a pedestrian to cross the roadway, the driver of any

 

other vehicle approaching from the rear shall not overtake and pass such stopped vehicle.

"You are further instructed that the undisputed evidence shows that the defendant did approach the bus in question from the rear when passengers were being discharged, and the plaintiff was undertaking to cross Gustavus Street, and that the defendant did overtake and pass such stopped vehicle."

The court then submitted the first special issue, inquiring if such negligence was the proximate cause of the plaintiff's injury, to which the jury answered, "Yes." The charge was erroneous and it was harmful. If defendant was negligent as a matter of law, then there was no need to submit the negligence issues; but there was also no need to instruct the jury that defendant had violated the statute. Being a matter of law, and since the law decided the issue of negligence, the court and not the jury was concerned. For the reasons expressed in Boaz v. White's Auto Stores, Tex.Com. App., 141 Tex. 366, 172 S.W.2d 481, there was harm.

■ The cause must be reversed. Plaintiff asserts points that the jury findings that plaintiff was contributorily negligent with respect to his lookout and that his negligence was a proximate cause of the injury, are supported by insufficient evidence and are against the overwhelming weight of the evidence. Defendant says that plaintiff has waived these points, but in any event we overrule them. In his brief, plaintiff also states that he will assert jury misconduct if the judgment is reversed. Rule 324, Texas Rules of Civil Procedure, as recently amended, provides, "The failure to bring forward by cross-point such grounds as would vitiate the verdict shall be deemed a waiver thereof, save and except such grounds as require the taking of evidence in addition to that adduced upon the trial of the cause." It would appear that the matter of jury misconduct which plaintiff claims he will assert in the trial court is not waived, and may still be raised in the trial court.

The judgment is reversed and the cause remanded with instructions that the court enter judgment for the defendant, and for further proceedings in connection with jury misconduct, as permitted by Rule 324, T.R. C.P., as amended Sept. 1, 1957.