TWIN CITY FIRE INSURANCE COMPANY, Appellant,

v.

Harrison THOMAS, Appellee.

No. 1513.

Court of Appeals of Texas, Tyler.

July 15, 1982.

C. Steven Matlock, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellant.

Marvin Menaker, Dallas, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a worker's compensation case filed by Harrison Thomas, an employee of Clevepak Corporation, against Twin City Fire Insurance Company, the insurance carrier. Thomas is seeking compensation benefits for an injury alleged to have been sustained from a fall. Trial was before a jury which rendered a verdict in favor of Thomas. The trial court entered judgment for Thomas and the carrier, Twin City, appeals.

We reverse for a new trial.

On July 19, 1978, Thomas was operating a large machine at Clevepak when he blacked out and fell off his machine three feet to the ground. Thomas complained of some pain in his rib cage but did not appear to be injured until two days later when he awoke with a numb arm and a partially paralyzed finger. He visited his employer's medical clinic that day and discovered he had a broken rib. Thomas also saw his personal doctor that same day who advised him to check into the hospital.

On July 24, 1978, Thomas was admitted to the Baylor University Medical Center where he remained for ten days. While there he was treated by Dr. Leiman, a neurologist. Dr. Leiman diagnosed that Thomas had a right side weakness due to a stroke Thomas suffered in 1974. Secondly, the neurologist diagnosed that Thomas had sustained a head injury when he fell off his machine at work. According to Dr. Leiman, Thomas was permanently incapacitated.

In its points of error 10 through 13, Twin City complains of the trial court's action in answering special issue number two after the jury deadlocked. That special issue read as follows:

Do you find from a preponderance of the evidence that the Plaintiff received such injury in the course of his employment for Clevepak Corporation?

After several hours of deliberation, the jury foreman sent a note to the judge informing her that the jury was hopelessly deadlocked on issue two "because of the definition." The definition was a standard "course of employment" definition. See 2 State Bar of Texas, Texas Pattern Jury Charges 21.10 (1970).

Over the defendant's objection, the trial court told the jury to answer special issue number two "we do" and then allowed the jury to continue its deliberations.

The issue for us to decide is whether the trial court committed reversible error when

it answered special issue number two. for the jury and then allowed it to continue its deliberations. Although there is a paucity of law to guide us, we believe harmful error was committed. As authority, we rely on *Boaz v. White's Auto Stores,* 141 Tex. 366, 172 S.W.2d 481 (1943) and *Indemnity Ins. Co. of North America v. Redic,* 344 S.W.2d 936 (Tex. Civ. App.—Dallas 1961, no writ).

*Boaz* was a contributory negligence case. Mr. Boaz was struck and killed by a White's Auto Stores' truck while he was crossing a road at night. In charging the jury, the trial court instructed the jury that the driver of the truck was negligent in approaching the intersection at a rate of speed in excess of 25 miles per hour. Special issues were then submitted asking whether the driver's action was a proximate cause of the collision and death of Mr. Boaz. Our Supreme Court held that instructing the jury on the negligence of the truck driver was harmful error—even if the undisputed evidence disclosed the driver was negligent as a matter of law. 172 S.W.2d at 484. The court reasoned that such an instruction was calculated to prejudice White's Auto Stores before the jury. We, likewise, feel that Twin City was prejudiced by the trial court's action in the instant case.

Our other authority, *Indemnity Ins. Co. of North America v. Redic, supra,* was a worker's compensation case. There the trial court submitted issues to the jury inquiring (1) whether Redic had worked in his employment substantially the whole of the preceding year, and, if so (2) what was his average weekly wage. If the jury answered "no" to the first question, then it was asked whether any other employee had worked substantially the whole of the preceding year, and, if so, his average weekly wage rate. If the jury found no other employee had worked substantially all of the previous year, then the jury was to decide what would be a just and fair wage rate.

The jury returned answers that Redic had worked substantially all of the preceding year and that his average wage was $82.84. The trial court would not accept the jury's answers. Instead, the jury was instructed that no employee had worked substantially the whole of previous year. The jury was thereafter retired to decide the remaining issues. The appellate court found that the trial court's action to be error:

Neither Rule 286, nor Rule 295, Texas Rules of Civil Procedure, authorizes the trial judge to peremptorily instruct the jury to answer a special issue given in any particular manner. 344 S.W.2d at 937–38.

Thomas, the appellee, would have us distinguish *Redic* on the basis that the trial court in our case did not *change* the answer of the jury but merely answered the issue at the first opportunity. We are not persuaded by this argument.

■ In order to collect compensation benefits, it is essential that an employee's injury be sustained in the course of employment. Article 8306 § 1 Tex. Rev. Civ. Stat.; *Deatherage v. International Ins. Co.,* 615 S.W.2d 181 (Tex. 1981). "Course of employment" is a material issue which the evidence in this case required to be submitted to the jury. Tex. R. Civ. P. 279. Once submitted, the trial judge is not authorized to supply the finding to such issue. 3 McDonald, Texas Civil Practice, § 15.03.1, page 597.

We believe that in this case the trial judge should have instructed the jury to continue its deliberations on this issue of course of employment. If the jury remained deadlocked on the issue and was unable to render a complete verdict, Twin City's motion for mistrial should have been granted. *Blanton v. E. & L. Transport Co.,* 146 Tex. 377, 207 S.W.2d 368 (1948).

Appellant's points 10 through 13 are sustained. We need not reach appellant's remaining points.

Reversed and remanded.