Raymond **MUSSATTO**, Appellant,

v.

Karen Kay **CHEATHAM**, Appellee.

No. 3943.

Court of Civil Appeals of Texas.

Eastland.

Feb. 19, 1965.

Schulz & Hanna, Bob Hanna, Abilene, for appellant.

King, Willoughby, Dickenson & Batjer, Robert Batjer, Jr., Abilene, for appellee.

COLLINGS, Justice.

Plaintiff Raymond Mussatto brought suit against Karen Kay Cheatham for damages to his automobile alleged to have been sustained in an intersection collision and to have been proximately caused by several acts of negligence on the part of the defendant. The defendant alleged that Mussatto was guilty of negligent acts constituting contributory negligence. The jury found that Karen Kay Cheatham did not fail to yield the right of way, did not fail to keep a proper lookout; that she was not traveling at an excessive rate of speed, but that she did fail to apply her brakes in time to avoid the collision, that such failure was negligence and a proximate cause of the accident. The jury further found that plaintiff Mussatto did not fail to keep a proper lookout; that he did fail to apply his brakes in time to avoid the collision but that such failure was not negligence; that he failed to yield the right of way, that such failure was negligence and a proximate cause of the accident. The jury also found that the collision was the result of an unavoidable accident. Based upon the verdict, judgment was entered decreeing that plaintiff Mussatto take nothing, and he has appealed.

Appellant presents points in which it is contended that the court erred in granting judgment for appellee Karen Kay Cheatham urging that there was no competent evidence to support the jury findings that appellant failed to yield the right of way, and that such failure was negligence. Appellant also urged that such findings were so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust. Appellant further contends that the court erred in granting judgment for appellee because there was no competent evidence to support the jury finding that the collision was the result of an unavoidable accident and in the alternative

that the finding of an unavoidable accident was so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust.

The record shows that the accident occurred at the intersection of South 5th Street and Portland Avenue, an uncontrolled intersection of two residential streets in Abilene, Texas. Appellant, Mussatto, was traveling east on South 5th Street and appellee, Miss Cheatham, was proceeding south on Portland Avenue. Both vehicles were traveling at a speed of about thirty miles per hour as they approached the intersection before the application of any brakes. It is undisputed that appellee's automobile penetrated 26 feet into the intersection to the point of collision and then proceeded south on Portland Avenue for 45 feet where it came to rest after colliding with another car parked on her right side of that street. Appellant's automobile had penetrated the intersection only 13 feet to the point of impact after leaving 49 feet of skid marks caused by the application of brakes and struck the vehicle operated by appellee on the right front door.

■ In connection with special issues 17, 18 and 19, inquiring whether appellant failed to yield the right of way, whether such failure was negligence and a proximate cause of the accident, the court instructed the jury that the term right of way as used in the charge "is the privilege of the immediate use of the highway". The court further instructed the jury:

"(a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

"(b) When two vehicles have entered an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the driver of the vehicle on the right."

It is appellant's contention that in view of the court's instruction the question to be determined in connection with issues 17, 18 and 19 is whether there is any evidence to the effect that appellee entered the intersection first; that since appellant was approaching the intersection from a street to appellee's right it was incumbent upon appellee to show that she entered the intersection first and further that appellant did not enter the intersection at approximately the same time as appellee. Assuming that appellant's contention concerning the question presented in respect to the determination of which party was entitled to the right of way is correct still the jury has answered that question favorable to appellee. To uphold appellant's contention that there is no evidence that he failed to yield the right of way he must show that as a matter of law the evidence conclusively established that appellant entered the intersection first or that he and appellee entered the intersection at approximately the same time. In our opinion appellant has failed to meet this burden.

■ The evidence as briefly narrated above is to a great extent circumstantial. No witness testified that either of the vehicles entered the intersection first. The question of which vehicle did enter the intersection first and the lapse of time between their entries into the intersection can be determined only by a consideration of the speed at which the vehicles were traveling as they approached the intersection and after the entry therein, the distance that each vehicle traveled after entering the intersection until the point of collision, the fact that appellant's car left skid marks from 49 feet to the point of collision, and the inferences which may be drawn from the testimony of the parties in narrating these circumstances. It is also to be noted that during the testimony a diagram of the intersection was used in questioning the witnesses. Much of the testimony was demonstrated to the court and jury by moving model vehicles about on the diagram. That

diagram is not a part of the record and we do not have the benefit of what a consideration and understanding of such demonstration might reveal. The evidence favorable to the verdict in our opinion raised issues of fact for jury determination on the question of whether appellant failed to yield the right of way. We are unable to sustain appellant's contention that there was no evidence to support the findings of the jury in regard thereto. After a consideration of all the evidence we are also of the opinion that appellant's points urging that such issues are so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust are not well taken. Appellant's points are overruled.

The judgment is affirmed.