Harold DENTON, Appellant,

v.

Al H. POOLE, Appellee.

No. 7329.

Court of Civil Appeals of Texas, Beaumont.

March 30, 1972.

Motion for Rehearing Overruled April 20, 1972.

Zbranek & Friend, Liberty, Harold Denton, Jr., Beaumont, for appellant.

Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellee.

KEITH, Justice.

Defendant appeals from a judgment rendered after a trial to a jury. Plaintiff, employed by Southern Pacific Railroad as a "railroad policeman," saw defendant upon a private road within the railroad yards. Plaintiff was driving a truck which was towing a Cadillac automobile. The rear of the Cadillac was pulled up on the truck with only its front wheels on the pavement. Plaintiff noticed that the towed vehicle was dragging along on the pavement and spewing liquid thereon. Plaintiff stopped defendant who got out of his truck and went to the rear thereof. Plaintiff identified himself as "railroad police" and the two then inspected the roadway to determine if it had been damaged.

After some conversation, with a dispute as to exactly what was said at the time, plaintiff demanded that defendant exhibit his driver's license but defendant declined to comply. More words followed and defendant broke for his truck, at which time plaintiff placed his hands upon defendant but the latter pulled loose, jumped into his truck, and started to leave the scene. Plaintiff, attempting to delay defendant's departure, jumped upon the saddle tanks of the truck, reached for the keys thereto, and was injured when defendant placed the truck in motion.

The jury found that (1) defendant committed an assault with a motor vehicle,[1] (2) which proximately caused injury to plaintiff; (3) that the assault was negligently committed;[2] (4) plaintiff's damages were fixed at $2000. The jury failed to find that (5) defendant's assault was in "heedless and reckless disregard to the rights of others," and, the exemplary damage issue, contingently submitted, was not answered.

1. See Art. 1149, Vernon's Ann. Penal Code. The term "willfully," as used in the statute, was defined in the charge to mean "voluntarily, intentionally and purposely, as distinguished from carelessly, thoughtlessly, heedlessly, or inadvertently." The usual definition of negligence was included in the issue.

2. The alternative answers to Special Issue No. 3 authorized findings that the assault was committed willfully or negligently.

The jury found in answer to number (8) that "in getting onto the truck of the defendant," plaintiff was not negligent; (10) that in trying to take the key out of defendant's truck, plaintiff was not guilty of negligence; and, (12) that in trying to "physically restrain Defendant from leaving the scene" of the accident, plaintiff was not negligent.

None of the foregoing issues, upon which defendant's liability was predicated in the judgment, is attacked on the appeal. Instead, defendant centers his attack upon Special Issues Nos. 15 and 16, reading as follows:

"Do you find . . . that the plaintiff, Al H. Poole, in climbing onto the defendant Harold Denton's truck, had full knowledge of the danger that the defendant would try to drive the truck off?"

To which the jury answered: "We do."

Special Issue No. 16, contingently submitted, inquired if plaintiff "voluntarily exposed himself to the known risk, if any, by climbing onto the truck." This issue had a definition accompanying it reading:

"You are instructed that by the term, 'voluntarily exposed himself to the known risks', the inquiry is whether a reasonably prudent person, in lawful possession of property under the same or similar circumstances and seeking to carry out the purposes of Sec. 4, Article 1142, quoted above, would have climbed onto the truck under the same or similar circumstances." [3]

Special Issue No. 16 was answered "We do," but the next issue, inquiring if such act was negligence, was answered "We do not." The proximate cause issue in the series was not answered.

In the first point, defendant contends that it was error for the trial court to

render judgment for the plaintiff "when the jury's finding, fully supported by the evidence, established the defense of volenti non fit injuria," while the second point complains of the refusal to grant defendant's motion for peremptory instruction "because the undisputed evidence showed that the appellee had knowingly assumed the risk of injury when he jumped on appellant's truck."

Before entering into our discussion of the points, it is appropriate to note that plaintiff objected to the submission of Special Issues Nos. 15 and 16, saying that such issues "are defective as an attempted submission of the doctrine of volenti for whatever they may be attempting to submit, because no where is there any inquiry as to whether the plaintiff, Poole, fully appreciated the danger, if any, in climbing upon the truck of the defendant."

In the quoted issues, defendant secured a finding that plaintiff had knowledge of the danger of climbing upon defendant's truck; but plaintiff answers by asserting that defendant also was required to secure a finding that plaintiff appreciated the danger incident to his act. We agree. The question was laid to rest by Justice Greenhill in Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368, 381 (Tex. Sup.1963). For the doctrine of volenti to be applicable, both elements must be established—knowledge *and* appreciation.

Our review of the evidence does not convince us that the issue of appreciation was conclusively established by the evidence. Therefore, under the provisions of Rule 279, Rules of Civil Procedure, this independent defense was waived since no issue thereon was given or requested. Glens Falls Insurance Co. v. Peters, 386 S.W.2d 529, 531 (Tex.Sup.1965).

We agree with defendant that the doctrine of volenti bars a recovery

---

3. In the general instructions, the court quoted Art. 1142, § 4, Penal Code, and continued: "You are further instructed that 'in preventing or interrupting an intrusion upon the lawful possession of property' Al H. Poole could use reasonable but not excessive force to effect the purposes of this Statute."

"without inquiry as to justification or proximate cause." *Halepeska,* supra (371 S.W.2d at p. 380). Thus, even if plaintiff was free of contributory negligence, the doctrine, if applicable and established, would bar a recovery. But, there is yet another reason, under the peculiar facts of this case, why the doctrine is inapplicable—that set out in American Law Institute, Restatement of the Law of Torts, § 496 E, (2d Ed.1965), reading as follows:

\*   \*   \*   \*   \*   \*

"(2) The plaintiff's acceptance of a risk is not voluntary if the defendant's tortious conduct has left him no reasonable alternative course of conduct in order to

\*   \*   \*   \*   \*   \*

"(b) exercise or protect a right or privilege of which the defendant has no right to deprive him."

In *Comment c,* the rule is set out in this manner:

"The plaintiff's acceptance of the risk is not to be regarded as voluntary where the defendant's tortious conduct has forced upon him a choice of courses of conduct, which leaves him no reasonable alternative to taking his chances. A defendant who, by his own wrong, has compelled the plaintiff to choose between two evils cannot be permitted to say that the plaintiff is barred from recovery because he has made the choice. . . .

It is true likewise where the plaintiff is compelled to accept the risk in order to exercise or protect a right or privilege, of which the defendant has no privilege to deprive him."

See also, 2 Harper & James, The Law of Torts, § 21.3, p. 1173, (1956).

For the reasons herein assigned, we are of the opinion that defendant's first two points were without merit and each is overruled.

In his third point, defendant contends that it was error for the court to instruct the jury as to the applicability of Art. 1142, Vernon's Ann. Penal Code. Defendant admitted that he was a trespasser upon the railroad property, having observed the sign marking the roadway as private property and prohibiting trespassing. He knew that plaintiff was a railroad policeman charged with protecting company property.

The trial court charged upon the applicability of the statute in this manner:

"In connection with Special Issues 8 through 18, inquiring as to the conduct of plaintiff, Al H. Poole, you are instructed that Article 112, Penal Code of Texas, states in part as follows:

"'Article 1142. *Lawful Violence.* Violence used to the person does not amount to an assault or battery in the following cases:

"'4. In preventing or interrupting an intrusion upon the lawful possession of property.'

"You are further instructed that 'in preventing or interrupting an intrusion upon the lawful possession of property' Al H. Poole could use reasonable but not excessive force to effect the purposes of this Statute.

"By the term, 'negligence', as used in Special Issues 8, 10, 13 and 17, is meant that degree of care that an ordinarily prudent person in lawful possession of property would have exercised under the same or similar circumstances in carrying out the purposes of § 4, Article 1142, quoted above."

Defendant contends that this constituted a comment upon the weight of the evidence prohibited by Rule 272. Plaintiff replies that the instruction was proper under the facts of this case; and, alternatively, if error, such was harmless.

■ Under the facts of this case, plaintiff was in lawful possession of the premises by virtue of his relationship with the owner. He was charged with protecting his master's property and was, consequently, within the protection afforded by Art. 1142,

Penal Code. Hampton v. Sharp, 447 S.W. 2d 754, 758 (Tex.Civ.App., Houston, 1st, 1969, error ref. n. r. e.), and cases therein cited.

■ The gravamen of defendant's complaint is that the inclusion of the instruction "required a different standard of conduct to be used by them in the definition of negligence as the same applied to the conduct of Al H. Poole. This violated Rule 272 and was a comment on the weight of the evidence." We disagree.

The distinguished authors in the preface to 1 Texas Pattern Jury Charges at p. 12 (1969), aptly state the rule requiring such an instruction, saying:

> "In many cases the applicable standard of conduct is defined by comparison to the hypothetical conduct of the 'reasonable man of ordinary prudence' of the common law. In certain classes of cases that standard must be modified or defined more particularly to fit the circumstances of the party whose conduct is in question. For instance, a 'high degree of care' is required of carriers of passengers (PJC 2.04), whereas a child is held to the care which would be used by 'an ordinary prudent child of the same age, experience, intelligence, and capacity' (PJC 2.05). Sometimes legal responsibility depends on whether the conduct in question was 'rash and reckless' (PJC 3.09) or amounted to 'heedless and reckless disregard of the rights of others' (PJC 3.11)."

The leading authorities are collated by the authors in the comments appended to the cited sections of the work and need not be repeated here.

Rule 277 authorizes explanatory or special instructions only when it is necessary "to enable the jury to properly pass upon and render a verdict on such issues." Boaz v. White's Auto Stores, 141 Tex. 366, 172 S.W.2d 481, 484 (1943); Pittsburg Coca-Cola Bottling Works v. Ponder, 443 S.W.2d 546, 550 (Tex.Sup.1969). Special instruc-

tions, however, present a troublesome question under the decisions of our courts. The use of such instructions has been suggested in some cases, e. g., Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453, 456 (1944); Yarborough v. Berner, 467 S.W.2d 188, 191 (Tex.Sup.1971). Professor Hodges in Special Issue Submission in Texas, § 10, fn. 20 at pp. 30, 31 (1959), cites several instances where such special instructions were held to be proper. See also, 3 McDonald, Texas Civil Practice, § 12.14.2, p. 322 (1970 Rev.Vol.).

Special instructions, either tracking the language of the statute or quoting it directly, have been upheld in several cases. Austin Road Company v. Thompson, 275 S.W. 2d 521, 524 (Tex.Civ.App., Fort Worth, 1955, error ref. n. r. e.); Mussatto v. Cheatham, 389 S.W.2d 140, 141 (Tex.Civ.App., Eastland, 1965, no writ).

■ We are of the opinion that better practice would have dictated the omission of the statutory instruction. However, considering the record as a whole, we do not find that the inclusion of the statute in the charge was reversible error. Point three is overruled.

■ Finally, defendant contends that it was error for the court to include the element of future pain in the damage issue. Defendant points to the fact that plaintiff had prior defects in his spine (spondylolysis and arthritic changes) and the physician who testified in plaintiff's behalf admitted upon cross-examination in answer to a hypothetical question, that it would be logical to assume that plaintiff had recovered from his injuries and that what was bothering him was the spondylolysis and the arthritis. This doctor, testifying by deposition, also said, "I don't know his present condition." Plaintiff, on the other hand, testified to pain persisting down to the date of trial.

In our opinion, the testimony sufficiently raised the issue of future pain and suffering. Boddy v. Canteau, 441 S.W.2d 906,

915 (Tex.Civ.App., San Antonio, 1969, error ref. n. r. e.), and cases therein cited.

Having examined the record and defendant's points attacking the judgment, we do not find reversible error. The judgment of the trial court is, therefore,

Affirmed.