Misael RODRIGUEZ and Sandra
Rodriguez Blandon,
Appellants,

v.

Daniel J.T. SCIANO and Tinsman
& Houser, Inc., Appellees.

No. 04–99–00137–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 23, 2000.

Anita J. Anderson, Law Offices of Anita
J. Anderson, San Antonio, for appellant.

George H. Spencer, Jr., Clemens & Spencer, P.C., San Antonio, for appellee.

Sitting: TOM RICKHOFF, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: PAUL W. GREEN, Justice.

This is a legal malpractice case arising out of an underlying personal injury claim. Appellants, Misael Rodriguez and Sandra Rodriguez Blandon, appeal the grant of summary judgment in favor of their former attorneys, appellees, Daniel Sciano and Tinsman & Houser, Inc. Rodriguez and Blandon challenge the trial court's determination that (1) there is no evidence of negligence or negligent entrustment against the defendants in the underlying personal injury claim, (2) the "business use" exclusion negated certain liability insurance potentially applicable to the underlying personal injury claim, and (3) there is no evidence of a potentially collectible judgment in the underlying personal injury claim. We affirm the trial court's judgment.

### Background

■ Appellants Rodriguez and Blandon,[1] and their ten year-old son, were among six passengers in a Dodge Caravan involved in a one-car accident while returning to San Antonio from a business trip to Las Vegas, Nevada. The Dodge Caravan was rented from Advantage Rental Car by Barbara Rhodes.[2] Rodriguez and Blandon, Barbara and Reginald Rhodes, and Steve Wilson intended to share expenses for the trip. At the time of the accident, Steve Wilson was driving. Wilson testified the accident occurred shortly after daybreak when the morning sun obscured his vision, causing him to run off the road. He could not rule out the possibility that he had dozed momentarily.

Rodriguez and Blandon hired Daniel Sciano and Tinsman & Houser, Inc. to bring claims against Barbara Rhodes, the Estate of Reginald Rhodes, and Steve Wilson, as well as claims against any other responsible party. Sciano and Tinsman & Houser made demands for applicable insurance coverage on Advantage Rental Car, USAA (the Rhodes' carrier), and Wilson's carrier. Wilson's insurance coverage had lapsed; Advantage denied any coverage; and USAA denied all coverages, except medical pay benefits. Although Sciano and Tinsman & Houser filed suit on behalf of Rodriguez and Blandon against Steve Wilson, they failed to file suit against Barbara Rhodes and the Estate of Reginald Rhodes within the applicable statute of limitations.

### Standard of Review

We review a summary judgment de novo. To prevail on summary judgment, the movant must show there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Property Management, Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). We review the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *Weiss v. Mechanical Associated Services, Inc.*, 989 S.W.2d 120, 124 (Tex.App.-San Antonio 1999, pet. denied). When a defendant moves for summary judgment, it must negate at least one element of the plaintiff's cause of action or conclusively establish an affirmative defense. *See Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975).

In a standard summary judgment under Tex.R. Civ. P. 166a, once the movant has established a right to summary judgment, the burden shifts to the non-movant to present issues which preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Garcia v. John Hancock Variable*

---

1. Rodriguez and Blandon were husband and wife at the time the incidents which form the basis of the underlying personal injury claims occurred.

2. Barbara Rhodes and Reginald Rhodes were husband and wife. Reginald Rhodes was killed in the accident.

*Life Ins. Co.,* 859 S.W.2d 427, 430 (Tex. App.—San Antonio 1993, writ denied). On the other hand, TEX.R. CIV. P. 166a(i) invokes a no-evidence standard. *Weiss,* 989 S.W.2d at 123. When a party moves for summary judgment alleging the nonmovant lacks evidence to carry its burden of proof, the nonmovant must produce some evidence raising a genuine issue of material fact. TEX.R. CIV. P. 166a(i); *Weiss,* 989 S.W.2d at 123. The non-movant need not "marshal its proof;" rather it "need only point out evidence that raises a fact issue on the challenged elements." TEX.R. CIV. P. 166a(i) cmt.; *Weiss,* 989 S.W.2d at 123.

A no-evidence summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX.R. CIV. P. 166a(i); *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997), *cert. denied,* 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). Here, the trial court granted summary judgment on all grounds presented in the motion; therefore, we may affirm on any ground presented in the motion which negates an element of the claim. *See State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993) (permitting summary judgment to be affirmed if any theory is meritorious).

### Legal Malpractice

■ In order to prevail on a legal malpractice claim which arises from the alleged mishandling of an underlying claim or litigation, the plaintiff has the burden to show that "but for" the attorney's negligence, he or she would be entitled to judgment, and show what amount would have been collectible had the judgment been recovered. *See Ballesteros v. Jones,* 985

S.W.2d 485, 489 (Tex.App.-San Antonio 1998, pet denied), *quoting Cosgrove v. Grimes,* 774 S.W.2d 662, 666 (Tex.1989). This "suit within a suit" requirement is necessarily a component of the plaintiff's burden on cause in fact. *Ballesteros,* 985 S.W.2d at 489. In this case, Rodriguez and Blandon must show that "but for" the negligence of Sciano and Tinsman & Houser, they would have been able to obtain a collectible judgment against Barbara and Reginald Rhodes.

### Negligence and Negligent Entrustment

In their first issue, Rodriguez and Blandon argue the trial court erred in determining there was no evidence of negligence against Barbara and Reginald Rhodes for persuading the group to return to San Antonio immediately after the business meeting and seminar rather than staying overnight to leave Monday morning.[3] In issue two, Rodriguez and Blandon claim the trial court erred in finding no evidence of negligent entrustment against Reginald Rhodes for entrusting the vehicle to Steve Wilson.

■ The record establishes that the business meeting and seminar concluded about mid-afternoon on Sunday. The following Monday was a Memorial Day holiday. Rodriguez and Blandon suggested the group stay over and leave the following morning. Barbara and Reginald Rhodes wanted to leave immediately. Testimony is conflicting as to what preference Steve Wilson voiced, but the group decided to leave and Steve Wilson volunteered to be the first driver. They stopped for fried chicken about 4:00 p.m. before leaving Las Vegas and Wilson drove about an hour before requesting that someone relieve him. Rodriguez and Reginald Rhodes then took turns driving. Sometime after midnight early Monday morning, Wilson took over from Rhodes.[4] Wilson testified

**3.** There was some allegation that Barbara Rhodes was negligent because she failed to notify the rental company other people would be driving the vehicle and the vehicle would be taken out-of-state. Rodriguez and Blandon admit such an allegation does not go to the cause of the accident, but only to the lack of available insurance.

**4.** The evidence was conflicting as to whether Wilson took over from Rhodes or from Rodriguez. For purposes of reviewing the sum-

he felt "Fine ... No fatigue at all." He also testified he had been able to sleep at least a few hours during the night, although he was not certain how much.

Rodriguez and Blandon claim it was negligent for Barbara and Reginald Rhodes to insist on leaving Sunday afternoon rather than Monday morning. Wilson, Rodriguez and Reginald Rhodes had driven in shifts straight through from San Antonio to Las Vegas and intended to do the same on the return trip.[5] In the past, each driver stopped to eat or take a break when he felt the need, and each driver asked for someone to take over when he felt too tired. There is no evidence any of the drivers said they were too tired to begin the return trip.

Wilson testified he had stayed up late the night before and may have had some beer to drink. Wilson stated he felt fine when he got up in the morning. He was somewhat tired after driving for an hour and asked someone to take over for him. Given these facts, there was no reason for Barbara or Reginald Rhodes to anticipate that Wilson would have driven if he felt too tired. Even Rodriguez testified he did not feel he was placing his family in danger by beginning the trip home on Sunday evening. There is no evidence that Barbara or Reginald Rhodes were negligent in persuading the others to begin the return trip to San Antonio on Sunday afternoon.

■ In a negligent entrustment action, the claimant must show (1) entrustment of the vehicle by its owner or custodian,[6] (2) to an incompetent driver, (3) that the owner knew or should have known was unlicensed, incompetent or reckless, (4) that the driver was negligent on the occasion in question, and (5) the driver's negligence proximately caused the accident. *Williams v. Steves Indus., Inc.,* 699

S.W.2d 570, 571 (Tex.1985); *Monroe v. Grider,* 884 S.W.2d 811, 815 (Tex.App.-Dallas 1994, writ denied). Knowledge of the driver's incompetency *at the time of the entrustment* is an essential element to establish negligence. *See Monroe,* 884 S.W.2d at 815, *citing Briseno v. Martin,* 561, 794, 796 n. 1 (Tex.1977).

■ Only Reginald Rhodes and Steve Wilson have knowledge of Wilson's condition at the time Wilson began driving in the predawn hours of Monday morning. Reginald Rhodes is dead. We must presume he exercised ordinary care for his own safety. *Boaz v. White's Auto Stores,* 141 Tex. 366, 172 S.W.2d 481, 483 (1943); *Cudworth v. South Texas Paisano Const. Co.,* 705 S.W.2d 315, 317 (Tex.App.-San Antonio 1986, writ ref'd n.r.e.). The record must contain some evidence to overcome this presumption. *Cavnar v. Quality Control Parking, Inc.,* 678 S.W.2d 548, 553 (Tex.App.-Houston [14th Dist.] 1984), *rev'd in part on other grounds,* 696 S.W.2d 549 (Tex.1985).

Wilson testified he had been able to sleep some as the others drove and he felt fine to take over. Not one of the other occupants of the vehicle had ever seen Wilson drive incompetently. Every time Wilson drove in the past, he took a break or turned the driving over to someone else when he became tired. There is simply no evidence in the record to support the contention that Reginald Rhodes knew or should have known he was entrusting the vehicle to an incompetent or reckless driver. We overrule issues one and two.

### Conclusion

We hold Rodriguez and Blandon failed to raise a question of fact on their negligence and negligent entrustment claims

---

mary judgment, we assume Rhodes was driving immediately prior to Wilson.

5. Only the men in the group drove, not Blandon or Barbara Rhodes.

6. We specifically disapprove Sciano and Tinsman & Houser's assertion that Reginald and

Barbara Rhodes could not be held liable for negligent entrustment because they were not the owners of the vehicle. The entrustor need only have the right of control. *See McCarty v. Purser,* 379 S.W.2d 291, 294 (Tex.1964); *Loom Craft Carpet Mills, Inc. v. Gorrell,* 823 S.W.2d 431, 432 (Tex.App.-Texarkana 1992, no writ).

against Barbara and Reginald Rhodes. Because Rodriguez and Blandon failed to show they had a viable cause of action on their personal injury claims, the legal malpractice claim against Sciano and Tinsman & Houser, Inc. must fail.[7] We affirm the trial court's judgment.

**7.** *See Ballesteros,* 985 S.W.2d at 489. Because we overrule the appellants' issues one and two, we do not reach their remaining issues.