**Jorge Aleman GARCIA and Norma Garcia, Individually and on Behalf of the Estate of Jason J. Garcia, Appellants,**

v.

**Jason CROSS, Appellee.**

No. 04–99–00659–CV.

Court of Appeals of Texas, San Antonio.

July 12, 2000.

Demetrio Duarte, Jr., Duarte & Pedraza, P.C., Robert D. Lobello, San Antonio, for Appellant.

Lori M. Cliffe, Prichard Hawkins & Young, L.L.P., Larry J. Goldman, Adami, Goldman & Shuffield, Inc., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Justice, ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

Jorge Aleman Garcia and Norma Garcia ("the Garcias") sued Jason Cross ("Cross") and other individuals for negligence and negligent entrustment after the Garcias' son died in an automobile accident. The trial court granted Cross's motion for summary judgment and severed him from the suit. The Garcias appeal, arguing that an injury, such as their son's death, was foreseeable. We affirm the trial court's summary judgment.

### BACKGROUND

Cross lent his mother's car to Mark Peña ("Peña"), a friend, so that Peña could attend a funeral. Unknown to either Cross or his mother, Peña picked up two passengers: Jason J. Garcia ("Garcia") and Rene Maldonado ("Maldonado"). Unknown to anyone else, Maldonado was carrying a firearm. The weapon discharged during a collision, killing Garcia.

The Garcias sued Maldonado and his parents, as well as Cross and his mother, arguing that their negligent acts or omissions "constituted a proximate cause of the incident and of the resulting damages and injuries...." The Garcias also argued that the actions by Cross and his mother amounted to gross negligence.

Cross moved for summary judgment, arguing that there were no genuine issues of material fact and that he was entitled to summary judgment as a matter of law. The court granted his motion and severed the judgment from the remaining case.

On appeal, the Garcias argue that the trial court erred in granting Cross's motion for summary judgment.

### DISCUSSION

The Garcia's allegations against Cross were that:

Defendant Jason Cross acted in an unreasonable manner by *negligently granting* Mark Peña *authority to use* Defendant Corinne Cross' vehicle when Defendant Jason Cross knew Mark Peña was an individual who was likely to use the vehicle during criminal and or reckless activity. By so lending the vehicle in question, Defendant Jason Cross

acted in a way that a reasonably prudent person would have not [sic] acted. (emphasis added).

### 1. Standard of Review

A defendant moving for summary judgment has the burden of establishing that no genuine issue of material fact exists as to one or more essential elements of the plaintiff's cause of action and that the defendant is entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

In reviewing a summary judgment, we accept as true all evidence supporting the non-movant. *See Nixon*, 690 S.W.2d at 549. All inferences are indulged in favor of the non-movants, and all doubts are resolved in their favor. *See id.*

### 2. Applicable Law and Analysis

■ A cause of action for negligence consists of the following elements: (1) a legal duty owed by one party to another; (2) a breach of that duty; and (3) damages proximately caused by that breach. *See Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). Only the elements of duty and causation appear to be at issue in the present case. That is, did Cross owe Garcia a duty to act reasonably? If so, did Cross's act of loaning of the car to Peña proximately cause Garcia's injuries?

■ Although captioned under "negligence," the Garcias' pleadings could be construed as alleging that Cross negligently entrusted the car to Peña.

### a. Negligent Entrustment

■ A plaintiff seeking to establish the tort of negligent entrustment must show: "(1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) ... the owner knew or should have known to be unlicensed; (4) ... the driver was negligent on the occasion in question[,] and (5) ... the driver's

negligence proximately caused the accident." *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex.1987).

#### (1) VEHICLE OWNERSHIP

■ We have held that a non-owner of a vehicle may be held liable for negligent entrustment of a vehicle. *See Rodriguez v. Sciano*, 18 S.W.3d 725, 726–27, (Tex.App.-San Antonio 2000, no pet.). "The entrustor need only have the right of control." *Id.* Cross's mere use of the vehicle does not insulate him from negligent entrustment liability because the summary judgment evidence appears to show that his mother afforded him the right to control the vehicle.

#### (2) OTHER ELEMENTS OF NEGLIGENT ENTRUSTMENT

■ For the entrustment of the vehicle to be a proximate cause of a plaintiff's injuries, the defendant-entrustor should be shown to be reasonably able to have anticipated "that an injury would result as a natural and probable consequence of the entrustment." *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex.1988).

Regardless of whether we construe the pleadings as seeking liability on the grounds of negligence or negligent entrustment, the case turns on causation. If we were to construe the pleadings as alleging negligence only, the case could turn on duty, causation, or both.

### b. Negligence

#### (1) DUTY

■ We have stated that the threshold inquiry in a negligence case is duty. *See Nicholson v. Smith*, 986 S.W.2d 54, 59 (Tex.App.-San Antonio 1999, no pet.); *see also El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). Whether the defendant owes a duty to act reasonably toward a plaintiff turns on the foreseeability of harmful consequences from the defendant's action or omission. *See Corbin v.*

*Safeway Stores, Inc.,* 648 S.W.2d 292, 296 (Tex.1983). Foreseeability means that a person who possesses ordinary intelligence should have anticipated the danger that his negligent act would create for others. *See Missouri Pac. R. Co. v. American Statesman,* 552 S.W.2d 99, 103 (Tex.1977).

 The existence of a duty is a question of law, decided from the facts surrounding the occurrence in question. *See Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996). "[D]uty is the function of several interrelated factors, the foremost and dominant consideration being foreseeability of the risk." *El Chico,* 732 S.W.2d at 311. In addition to risk, we consider several other related factors, such as: foreseeability and likelihood of injury, which are weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant. *See Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex. 1990).

In *Phillips,* a taxicab driver shot a motorist after a minor traffic accident. *See id.* at 524. The Texas Supreme Court held that the taxi cab company had no duty to admonish its drivers not to carry guns. *See id.* at 527. The "risk of harm (injury) to others" was not foreseeable because in the twenty years that the company had operated in Houston, there was only one incident involving the use of a firearm. *See id.*

The *Phillips* Court distinguished *El Chico,* in which the court imposed a duty upon alcoholic beverage licensees not to sell alcohol to patrons whom the licensee "knew or should have known that the patron was intoxicated." *El Chico,* 732 S.W.2d at 314. "The risk and likelihood of injury from serving alcohol to an intoxicated person whom the licensee knows will probably drive a car is as readily foreseen as injury resulting from setting loose a live rattlesnake in a shopping mall." *Id.* at 311.

 The present case does not present facts that support the possibility that Cross should have foreseen the risk that Maldonado would shoot Garcia. To be aware of this risk, Cross would have had to foresee that Peña would 1) pick up passengers, 2) one of the passengers would be carrying a firearm, 3) Peña would be involved in a traffic accident, and 4) as a result of the accident, the weapon would discharge by accident or some similar scenario. In essence, Cross would have had to foresee that someone's death would be caused by accidental firearm discharge as a result of loaning the vehicle to Peña.

 The evidence in the present case might support the possibility that Peña was not a safe driver. As a result, the traffic accident could have been foreseeable. But, accidental (and fatal) firearm discharges as a result of traffic accidents are not foreseeable. *Cf. Palsgraf v. Long Island R.R. Co.,* 248 N.Y. 339, 162 N.E. 99, 100 (1928) (stating that "[t]he risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension"). Some acts ("such as shooting") are so dangerous that the duty extends to others who may stray errantly into the path of the bullet. *See id.* The present case reveals that if Cross had any duty at all, it was to those who may have been injured through foreseeable consequences of Peña's driving, such as a pedestrian being hit on the sidewalk, passengers being involved in a collision, or other drivers being injured in an accident. Because accidental injury by firearm discharge as a result of a traffic accident is uncommon, it is unforeseeable. *Cf. Phillips,* 801 S.W.2d at 525–27.

Although there is social utility in guarding against loaning a vehicle to a person with a questionable reputation, Cross would have had a severe burden to guard against the shooting. The evidence does not establish that even Peña knew that Maldonado was going to carry a firearm, much less that Cross did. Foreseeing that someone would be killed by an accidental firearm discharge during a traffic accident

requires a prescience that far exceeds anything the law requires.

We find that Cross bore no duty to Garcia, and that the Garcias' negligence cause of action fails as a matter of law.

## (2) CAUSATION

 The question of proximate cause involves a practical inquiry based on common experience applied to human conduct. *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). The two elements of proximate cause are cause-in-fact and foreseeability. *See Nixon,* 690 S.W.2d at 549.

 *Cause-in-fact* means that the act (or omission) was a substantial factor in giving rise to the injury; without the act, no harm would have occurred. *See id.; Atchison, Topeka and Santa Fe Ry. Co. v. Cruz,* 9 S.W.3d 173, 178 (Tex.App.-El Paso 1999, no pet.)

 A consequence is *foreseeable* if a person of ordinary intelligence could have reasonably anticipated the danger created by the act. *See id.* at 549–50. The inquiry regarding foreseeability asks whether the injury "might reasonably have been contemplated" due to the defendant's conduct. *See McClure v. Allied Stores of Tex., Inc.,* 608 S.W.2d 901, 903 (Tex.1980).

 We need not reach the issue of whether Cross's loan of the car to Peña was a substantial factor in Garcia's injury. Because we have found that Garcia's death by gunshot wound was not foreseeable in examining Cross's duty to Garcia, then it was not foreseeable for causation purposes either. "The 'foreseeability' analysis is the same for both duty and proximate cause." *Mellon Mortgage Co. v. Holder,* 5 S.W.3d 654, 659 (Tex.1999).

## CONCLUSION

The trial court did not err in granting summary judgment.