COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

DARRELL W. WOODS,                                      )

                                                                              )             No.  08-02-00534-CV

Appellant,                          )

                                                                              )                 Appeal from the

v.                                                                           )

                                                                              )             
109th District Court

MICHAEL L. McLEAISH,                                   )

                                                                              )        
of Andrews County, Texas

Appellee.                           )

                                                                              )                
(TC# 14-463)

                                                                              )

 

MEMORANDUM  OPINION

 

This is a legal
malpractice suit brought by Darrell W. Woods against his former attorney,  Michael L. McLeaish.  Mr. Woods appeals from a take-nothing judgment granted in favor
of Appellee McLeaish.  Mr. Woods raises one issue:  whether the trial court erred in disregarding
the jury=s verdict
and entering a take-nothing judgment.  We
affirm.

On December 7,
1988, Mr. Woods suffered work related injuries when he fell off of a tank
truck.  At the time, he was employed by Enron
as a truck driver.  He was in charge of
hauling crude oil from the tank battery or the well site to a distribution
area.  Mr. Woods= job required him to climb up a ladder
to get on top of the tank truck to check the oil level in the tank.   Apparently, the linkage to a pressure relief
valve failed and when Mr. Woods=
opened the tank cover, he was knocked off the tank by a pressurized blast of
oil.  He fell about fifteen feet to the  ground and
suffered significant injuries.








On October 3,
1990, Mr. Woods hired Attorney McLeaish to sue two
companies whom he believed were responsible for his injuries, Hale Oilfield
Products Co. and Trail Masters, Inc.[1]  Mr. McLeaish sued
the two companies.  It turned out, however, that Mr. McLeaish
incorrectly named Trail Masters, Inc. as a defendant instead of Trailmaster Tanks of Fort Worth, Inc.  The identity of the proper defendant was not
learned until after the statute of limitations had run.

Mr. Woods filed
this legal malpractice suit against Mr. McLeaish
alleging that if Mr. McLeaish had properly
investigated the claim, he could have discovered the correct identity of the
codefendant, and he could have amended the pleading so as to include the
correct party.

There was a jury
trial, and the jury was given the following questions:

Question No. 1

Did the negligence, if
any, of those named below proximately cause the injury in question?

Answer >Yes=
or >No=
for each of the following:

 

a.  Trailmaster
Tanks, Inc.        NO  [Emphasis added].

b.  Darrell Woods                     NO 

 

If you answered >Yes=
to Question  1
 for more than one of those named
below, then answer the following question. 
Otherwise, do not answer the following question.

 

[Question No. 2:   not answered]      .               .               .

 

Questions No. 3

Did the negligence, if
any, of those named below in connection with the filing of Cause #12,331 in the
109th District Court proximately cause the damages to Darrell Woods?








Answer >Yes=
or >No=
for each of the following:

 

a.  Darrell Woods                    YES 

b.  Michael McLeaish             YES 

 

If you answered >Yes= to the above question, then answer the
following question.  Otherwise, do not
answer the following question.

 

Question No. 4

What percentage of the
negligence that caused the damages do you find to be attributed to each of
those found by you, in answer to the above questions, to have been negligent?

 

a.  Darrell Wood             50 

b.  Michael McLeaish     50 

 

Total                100%

 

Question No. 5

What sum of money, if
paid now in cash, would fairly and reasonably compensate Darrell Woods for his
loss, if any, resulting from the occurrence in question.

You shall award the
same, if any, that Darrell Woods would have recovered and collected if his
original suit against Trailmaster Tanks, Inc. had
been properly prosecuted.

In considering those
damages, consider the following elements of damage, and no other.

 

A.  Physical pain in the past and, that in
reasonable probability will be suffered in the future.

 

B.  Mental anguish in the past and that in
reasonable probability will be suffered in the future.

 

C.  Medical expenses in the past.

 

Do not reduce the
amount, if any, in your answer because of the negligence, if any, of Darrell
Woods.  Do not include interest in any
amount of damages you find.

 

Answer in Dollars and
cents, for damages, if any.

 

ANSWER:    $15,000.00 








Mr. McLeaish filed a motion for the court to enter a
take-nothing judgment asserting that Mr. Woods failed to secure a finding that Trailmaster Tanks, Inc. was negligent or caused his
injuries.  The trial court granted the
motion and ordered that Mr. Woods take nothing.

Mr. Woods=
argument on appeal is that McLeaish=s request for an entry of a
take-nothing judgment is the same as asserting that the jury answers are
inconsistent since the jury, in Question Number Five, answered that Mr. Woods
was entitled to damages of $15,000. 
Mr. McLeaish asserts that the
take-nothing judgment was proper because the jury found that Mr. Woods had
failed to prove the underlying cause of action, as shown by their answer to
Jury Question Number One.  Mr. McLeaish also asserts that even if the charge was
defective, that issue is waived because Mr. Woods failed to object.

In order to win a
legal malpractice claim that is based on the mishandling of an underlying claim
or litigation, the plaintiff has the burden to show that Abut for@
the attorney=s
negligence, he or she would be entitled to judgment, and it must be shown what
amount would have been collectible had the judgment been recovered.  Rodriguez v. Sciano, 18 S.W.3d 725, 727 (Tex.App.--San
Antonio 2000, no pet.); Cosgrove v. Grimes, 774 S.W.2d 662, 666 (Tex.
1989).

The jury in
Question Number One found that Trailmaster Tanks,
Inc. was not negligent and that it did not proximately cause the injury
in question.  This jury=s findings was not challenged or
objected to by the Mr. Woods at the trial level.  Accordingly, Mr. Woods failed to prove that
he would be entitled to judgment in the underlying suit.  See Rodriguez, 18
S.W.3d at 727.








Furthermore, the
argument that the jury findings were inconsistent has not been preserved for
our review.  Mr. Woods failed to make an
objection to receipt of the verdict or make any objections as to the jury=s findings being in conflict before the
jury was discharged, thereby waiving any alleged error as to any conflict in
the jury findings.  See
Isern v. Watson, 942 S.W.2d 186, 191 (Tex.App.--Beaumont 1997, writ denied).  We must, therefore, overrule Issue One.

We affirm the
trial court=s
judgment. 

 

 

 

December 18, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.











[1]  Mr. Woods had initially contacted another
lawyer in February or March of 1989.  He
then employed a second attorney, Abner Burnett, from
about Spring of 1989 to February of 1990.  After terminating that relationship, Mr.
Woods sought the legal help of David Lashford.  Mr. Lashford worked
on the case for a total of 120 days.  Mr.
Lashford was terminated in August of 1990.  Mr. Woods then sought the help of Mr. McLeaish in September of 1990.