United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-10478

GULF INSURANCE COMPANY and
THE FIDELITY AND CASUALTY
COMPANY OF NEW YORK,

Plaintiffs/Counter-
Defendants/Appellees,

versus

SONIA Y. JONES, Individually; and
DONALD R. BLUM, D.P.M.,

Defendants/Counter-Claimants/Third
Party Plaintiffs/Appellants

versus

COWLES & THOMPSON, P.C., and
PAULA S. SHIROMA-BENDER

Third Party Defendants/Appellees.

Appeal from the United States District Court
for the Northern District of Texas

Before KING, Chief Judge, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Donald R. Blum, D.P.M., appeals from the district court's grant of Third Party Defendants, Cowles & Thompson, PC, and Paula Shiroma-Bender's Motion for Summary Judgment. Blum had contended that Cowles & Thompson, the law firm retained by his insurer to represent him in an underlying medical malpractice action, and Shiroma-Bender, the attorney who represented him throughout the course of his trial, were liable for legal malpractice. For the reasons set forth below, we hold that the district court's determination was correct, therefore we affirm the grant of summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Blum is a licensed podiatrist, who performed a bunionectomy on Sonia Y. Jones. Following her surgery Jones began to experience debilitating pain in her feet, and underwent several corrective surgeries to alleviate her pain. She later brought suit against Blum in Texas state court asserting that her injuries were caused by Blum's negligence. In response to Jones' suit, Blum's insurer, Gulf Insurance, retained Cowles & Thompson, PC, a Texas law firm, to represent him. Initially, Cowles & Thompson attorney Stan Thiebaud was assigned to handle the litigation, however due to a conflict Thiebaud was unable to represent Blum, and Cowles & Thompson replaced Thiebaud with a less experienced associate named Paula Shiroma-Bender.

A one-week trial was held and Jones was found liable, wherein the jury also imposed damages in the amount of $2,125,000. This award was eventually reduced to $1,100,000, nevertheless Blum sought indemnification from Gulf Insurance. Gulf Insurance responded by informing Blum that under the express terms of his policy, it was only required to pay him $500,000. Gulf Insurance thereafter brought a declaratory action in the United States District Court for the Northern District of Texas, seeking a determination as to Gulf Insurance's financial obligations under Blum's policy. Blum

2

brought a counterclaim against Gulf Insurance charging that the insurer negligently failed to settle with Jones prior to trial, when she offered to settle the entire matter for $500,000.[1] Moreover, and most significantly for the purposes of this appeal, Blum brought a claim against Cowles & Thompson, PC, and Shiroma-Bender asserting that their representation of him amounted to legal malpractice under Texas law.

The district court held that Gulf Insurance was not liable to Blum beyond the $500,000 per person policy limit set forth under his policy. The district court found that no showing had been made that Blum's legal counsel failed to exercise reasonable care in the underlying medical malpractice action. This appeal ensued.

## STANDARD OF REVIEW

This matter comes before us following the district court's grant of Cowles & Thompson, PC, and Shiroma-Bender's motion for summary judgment. Our standard of review under these circumstances is plainly understood. A party's motion for summary judgment will be granted " if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party has the burden of demonstrating that there are no genuine issues of material fact in dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When this court reviews a district court's grant of summary judgment,

---

[1] Blum and Gulf Insurance have recently informed the court that they have reached a settlement related to Gulf Insurance's liability pursuant to the terms of Blum's policy. The Gulf Insurance and Blum have apparently also reached a settlement related to the question of whether Gulf Insurance was negligent when it failed to settle with Jones prior to the commencement of the medical malpractice trial.

we review the decision *de novo* and apply the same standard as the district court did. Arbaugh v. Y&H Corporation, 380 F.3d 219, 222 (5th Cir. 2004).

**DISCUSSION**

"An attorney malpractice action in Texas is based on negligence, "Cosgrove v. Grimes, 774 S.W.2d 662, 664 (Tex. 1989), which requires a party to establish: "(1) the attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages occurred." Peeler v. Hughes & Luce, 909 S.W.2d 494, 496 (Tex. 1995). Simply put, "a plaintiff must prove 'a suit within a suit' by demonstrating that he would have prevailed in the underlying action *but for* his attorney's negligence." Schlager v. Clements, 939 S.W.2d 183, 186-87 (Tex.App. -- Hou.[14th Dist.], 1996) (emphasis added) (citation omitted); see also, e.g., Rodriguez v. Sciano, 18 S.W.3d 725, 727 (Tex.App. -- San Antonio 2000); MND Drilling Corp. v. Llloyd, 866 S.W.2d 29, 31 (Tex.App. --Houston [14th Dist.] 1987).

It has been noted that in the context of determining whether a duty is in fact owed, Texas courts are to weigh "the risk, foreseeability, and likelihood of injury[,] against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury and the consequences of placing that burden on the actor." Arlitt v. Patterson, 995 S.W.2d 713, 719 (Tex.App. -- San Antonio 1999) (citing Bird v. W.C.W., 868 S.W.2d 767, 769 (Tex. 1994)). We have similarly observed that a Texas lawyer "is held to the standard of care which would be exercised by a reasonably prudent attorney." Cosgrove, 774 S.W.2d at 664. This quite simply means that if an attorney makes a decision that a reasonably prudent attorney would have similarly made, even if that decision is later deemed to have been a grievously erroneous strategic choice, the attorney cannot be said to have been negligent in his representation of his client. Id.

4

The record plainly reveals that throughout the course of the litigation Blum was pleased with Shiroma-Bender's representation. Additionally, given his background as a licensed attorney, he was cognizant that irrespective of Shiroma-Bender's performance there remained a distinct possibility that he could lose the case, and that the jury could return a verdict in excess of his insurance policy's limits. Further, Blum was also aware that Jones would be presenting testimony from medical experts who would opine that Blum's surgical techniques directly caused Jones' injuries.

Nevertheless, the rationale undergirding Blum's legal malpractice claim is that he believes the district court wrongly concluded that no genuine issues of material fact were in dispute. Principally he believes that the district court relied entirely too heavily on the fact that Blum, in a deposition, had expressed satisfaction with Shiroma-Bender's work despite the verdict rendered by the jury. Moreover, Blum suggests that district court disregarded the fact that Shiroma-Bender allegedly never instructed Blum to seek independent legal counsel to evaluate a settlement offer made by Jones prior to the commencement of the trial.

Assuming *arguendo* that the record provided support for the claims proffered by Blum, his averments would not undermine the district court's grant of summary judgment, because he has not demonstrated that he would have prevailed in the medical malpractice trial but for Shiroma-Bender's representation, or that she failed to exercise reasonable care. At minimum, under the negligence standard Blum would have to make a showing that the jury's damage award was proximately caused by Shiroma-Bender's conduct, see Doe v. Boys Club of Greater Dallas, 907 S.W.2d 472, 477 (Tex. 1995), and bore some relationship to her preparation, management, or presentation of the case. Alexander v. Turtur & Assoc., 146 S.W.3d 113, 119 (Tex. 2004). Moreover, simply because Blum now takes issue with some of Shiroma-Bender's strategic decisions, this in and of itself will not

5

provide the basis for a finding that she was either negligent or failed to exercise reasonable care.  Id.

## **CONCLUSION**

Accordingly, we hold that Blum's legal malpractice claim is unavailing because he has failed to demonstrate that "but for" Shiroma-Bender's representation, the jury would not have awarded a judgment in excess of his insurance policy's limits.  See Rodriguez, 18 S.W.3d at 727.

AFFIRMED.