MEMORANDUM OPINION

No. 04-05-00510-CV

Herminia GAZA, Individually and as Next Friend of Joe Robert Cardona, et al. ,

Appellants

v.

L. FISHER FREIGHT, INC.,

Appellee

From the 79th Judicial District Court, Jim Wells County, Texas

Trial Court No. 02-08-40597

Honorable Richard C. Terrell , Judge Presiding




Opinion by: Catherine Stone , Justice



Sitting: Alma L. López, Chief Justice

 Catherine Stone , Justice

 Sarah B. Duncan , Justice



Delivered and Filed: October 4, 2006



AFFIRMED

 Carlos Chavez was employed by L. Fisher Freight, Inc. as a commercial truck driver. Appellants sued Fisher after Chavez,
in a fit of anger, intentionally drove a tractor trailer into the mobile home of his girlfriend/ex-girlfriend, backed the tractor
trailer up, and drove into the mobile home a second time. The trial court granted Fisher's no-evidence motion for summary
judgment. Because the issues in this appeal involve the application of well-settled principles of law, we affirm the trial
court's judgment in this memorandum opinion. (1)

1. An employer may be held liable under the doctrine of respondeat superior for the tortious acts of an employee if the acts
are within the course and scope of employment. Baptist Mem. Hosp. Sys. v. Sampson, 969 S.W.2d 945, 947 (Tex. 1998). It
is ordinarily not within the scope of a servant's authority to commit an assault on a third person unless such an assault is so
connected with and immediately arises out of authorized employment tasks such as when the nature of the employment
necessitates the use of force. Texas & P. Ry. Co. v. Hagenloh, 151 Tex. 191, 197-98, 247 S.W.2d 236, 239-40 (Tex. 1952);
Buck v. Blum, 130 S.W.3d 285, 288-89 (Tex. App.--Houston [14th Dist.] 2004, no pet.). An employer is not liable for
intentional acts committed as an expression of personal animosity because such acts are unforeseeable considering the
employee's duties. Millan v. Dean Witter Reynolds, Inc., 90 S.W.3d 760, 769 (Tex. App.--San Antonio 2002, pet. denied);
Wrenn v. G.A.T.X. Logistics, Inc., 73 S.W.3d 489, 494 (Tex. App.--Fort Worth 2002, no pet.); Hooper v. Pitney Bowes,
Inc., 895 S.W.2d 773, 778 (Tex. App.--Texarkana 1995, writ denied); Adami v. Dobi, 440 S.W.2d 330, 333-34 (Tex.
App.--San Antonio 1969, writ dism'd). Intentionally driving a tractor trailer into a mobile home was not within the course
and scope of Chavez's employment.

2. In order for Fisher to be liable for negligently hiring or supervising Chavez, Fisher must have owed a legal duty to the
appellants. Guidry v. National Freight, Inc., 944 S.W.2d 807, 809-10 (Tex. App.--Austin 1997, no pet.). The existence of
a duty is a question of law that turns on the foreseeability of harmful consequences from the defendant's act or omission. 
Garcia v. Cross, 27 S.W.3d 152, 155-56 (Tex. App.--San Antonio 2000, no pet.); see also Fifth Club, Inc. v. Ramirez, 196
S.W.3d 788, 796-97 (Tex. 2006) (holding evidence legally insufficient to support negligent hiring claim where harm to
public not foreseeable); Knight v. City Streets, L.L.C., 167 S.W.3d 580, 584-85 (Tex. App.--Houston [14th Dist.] 2005, no
pet.) (holding no evidence was presented to show employer had a legal duty to plaintiff who was allegedly assaulted by
employees). In this case, Fisher could not foresee that Chavez would intentionally drive a tractor trailer into his
girlfriend/ex-girlfriend's mobile home. See Garcia, 27 S.W.3d at 156; Guidry, 944 S.W.2d at 811.

3. The elements of a negligent entrustment claim include: (1) entrustment of a vehicle by the owner; (2) to an unlicensed,
incompetent, or reckless driver; (3) the owner knew or should have known the driver to be unlicensed, incompetent, or
reckless; (4) the driver was negligent on the occasion in question; and (5) the driver's negligence proximately caused the
accident. Garcia, 27 S.W.3d at 155. "For the entrustment of a vehicle to be a proximate cause of a plaintiff's injuries, the
defendant-entrustor should be shown to be reasonably able to have anticipated 'that an injury would result as a natural and
probable consequence of the entrustment.'" Garcia, 27 S.W.3d at 155 (quoting Schneider v. Esperanza Transmission Co.,
744 S.W.2d 595, 596 (Tex. 1988)). In this case, Fisher could not reasonably have anticipated that a natural and probable
consequence of the entrustment would be for Chavez to intentionally drive the tractor trailer into a mobile home.

4. Because each of the appellants' negligence claims fail, their gross negligence claim fails. Wortham v. Dow Chemical Co.,
179 S.W.3d 189, 201 (Tex. App.--Houston [14th Dist.] 2005, no pet.); Quaker Petroleum Chemicals Co. v. Waldrop, 75
S.W.3d 549, 553 (Tex. App.--San Antonio 2002, no pet.)

 5. Because none of the evidence presented by the appellants would be sufficient to raise a fact issue as to whether Fisher
could have foreseen Chavez's action, we need not consider whether the trial court erred in striking the appellants' evidence. 
See Buck, 130 S.W.3d at 289 (noting facts may negate a cause of action).

6. The trial court has broad discretion in managing its docket, and the appellate court will not interfere with the exercise of
that discretion absent a showing of clear abuse. Clanton v. Clark, 639 S.W.2d 929, 931 (Tex. 1982). The trial court's
enforcement of a scheduling order is reviewed for abuse of discretion. G.R.A.V.I.T.Y. Enterprises, Inc. v. Reece Supply Co.,
177 S.W.3d 537, 542 (Tex. App.--Dallas 2005, no pet.). 

 The trial court entered a docket control order after the appellants had filed a motion for a preferential trial setting. The
motion asserted that the trial was previously set for February 28, 2005; however, the date was not placed on the trial court's
calendar. At that time, the lawsuit had been pending over two years. Immediately prior to the hearing on the docket control
order, appellants filed a third amended petition on February 11, 2005. The docket control order was entered on February
14, 2005, setting trial for April 25, 2005, and setting the deadline for the appellants to file amended pleadings for March 11,
2005. On March 21, 2005, appellants sought to file a fourth amended petition which sought to add two additional
negligence complaints relating to Chavez's access to the tractor trailer after business hours and asserting a claim that Fisher
was liable as a matter of law because it was an interstate motor carrier. Because the amendment asserted new causes of
action, it was prejudicial on its face, and the trial court did not abuse its discretion in enforcing its docket control order by
striking the pleading. See State Bar of Tex. v. Kilpatrick, 874 S.W.2d 656, 658 (Tex. 1994); G.R.A.V.I.T.Y. Enterprises,
Inc., 177 S.W.3d at 542.

 The trial court's judgment is affirmed.

 Catherine Stone , Justice





1. We note at the outset that the case primarily relied upon by appellants, Morris v. JTM Materials, Inc., 78 S.W.3d 28, 34
(Tex. App.--Fort Worth 2002, no pet.), is readily distinguishable because the employee in that case was involved in an
accident as he was driving while intoxicated as opposed to intentionally driving a tractor trailer into a mobile home.