

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00537-CV

Joshua **KALINCHUK**,
Appellant

v.

**JP SANCHEZ CONSTRUCTION CO**.,
Appellee

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. 30733
Honorable Robert Cadena, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  August 17, 2016

AFFIRMED

In this personal injury case, appellant Joshua Kalinchuk appeals a summary judgment in favor of appellee JP Sanchez Construction Co. ("Sanchez Construction").  On appeal, Kalinchuk argues the trial court erred in granting summary judgment because he raised genuine issues of material fact on each of the elements of his negligence and gross negligence claims.  Because we hold Sanchez Construction did not owe a legal duty to Kalinchuk, we affirm the trial court's judgment.

**BACKGROUND**

The City of Del Rio ("the City") hired Sanchez Construction to renovate a local baseball field. During the renovation, the City asked Sanchez Construction to move bleachers that were located inside the baseball field. Two Sanchez Construction employees, Jesse Paul Sanchez II and Pablo Jesus Sanchez, moved the bleachers using a forklift, moving large sections at a time. The men moved the bleachers to a grassy area outside the baseball field, and sometime thereafter, Kalinchuk, a welder employed by the City, was instructed by the City to break down the bleachers into smaller sections. While working, the bleachers fell on Kalinchuk, injuring his back and legs. He subsequently filed suit against Sanchez Construction, claiming negligence and gross negligence. Specifically, Kalinchuk claimed Sanchez Construction was negligent and grossly negligent because it failed to take adequate precautions to ensure his safety when moving the bleachers.

Ultimately, Sanchez Construction moved for traditional and no-evidence summary judgment. In its traditional motion, Sanchez Construction argued it owed no duty to Kalinchuk as a matter of law because it was not Kalinchuk's employer, it did not exercise control over Kalinchuk, and Kalinchuk's injury was not reasonably foreseeable. In its no-evidence motion, Sanchez Construction argued that Kalinchuk failed to produce more than a scintilla of evidence establishing (1) the existence of a legal duty, (2) the breach of any such duty, or (3) the alleged breach proximately caused Kalinchuk's injuries. Subsequently, Kalinchuk filed a response, contending summary judgment was improper because Sanchez Construction failed to prove its entitlement to judgment as a matter of law and his summary judgment evidence raises a fact issue as to each element of his negligence and gross negligence claims. Attachments to Kalinchuk's summary judgment response included depositions from Kalinchuk, four Sanchez Construction employees, including Jesse and Pablo, and Kalinchuk's supervisor, Baudel Lopez. After

considering the motions and attached evidence, the trial court granted summary judgment, both the traditional and no-evidence, in favor of Sanchez Construction without stating the basis for its ruling. Thereafter, Kalinchuk perfected this appeal.

## ANALYSIS

On appeal, Kalinchuk argues the trial court erred in granting Sanchez Construction's motions for summary judgment because genuine issues of material fact exist as to each element of his negligence and gross negligence claims. Sanchez Construction counters, arguing the trial court did not err in granting summary judgment in its favor because it did not owe a duty to Kalinchuk as a matter of law, and Kalinchuk failed to produce more than a scintilla of evidence establishing all of the elements of his claims.

### *Standard of Review*

We review a trial court's grant of summary judgment, both traditional and no evidence, de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Strandberg v. Spectrum Office Bldg.*, 293 S.W.3d 736, 738 (Tex. App.—San Antonio 2009, no pet.). When a party submits both a traditional and no evidence summary judgment motion, we review the no evidence motion first. *Ford Motor Co. v. Ridgeway*, 135 S.W.3d 598, 600 (Tex. 2004). We review the no evidence motion first because if the non-movant fails to meet its burden to produce more than a scintilla of evidence as to any challenged element, then we need not analyze whether the movant satisfied its burden to prove its entitlement to judgment as a matter of law by producing evidence of same. *Id.*

A no evidence motion for summary judgment is essentially a motion for a pretrial directed verdict; therefore, we apply the same legal sufficiency standard when reviewing a no evidence summary judgment as we apply when reviewing a directed verdict. *See* TEX. R. CIV. P. 166a(i); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003); *Moore v. K Mart Corp.*, 981

S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). We review the evidence in the light most favorable to the nonmovant, "crediting evidence favorable to [the nonmovant] if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *King Ranch*, 118 S.W.3d at 751. If the nonmovant produces more than a scintilla of evidence that raises a genuine issue of material fact, then summary judgment is not proper. *All Am. Tel., Inc. v. USLD Commc'ns*, 291 S.W.3d 518, 526 (Tex. App.—Fort Worth 2009, pet. denied). "More than a scintilla of evidence exists when the evidence would enable reasonable and fair-minded people to reach different conclusions." *Id.* (citing *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008); *Ford Motor Co.*, 135 S.W.3d at 601).

A traditional motion for summary judgment is granted only when the movant establishes there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Lesieur v. Fryar*, 325 S.W.3d 242, 246 (Tex. App.—San Antonio 2010, pet. denied) (citing *Browning v. Prostok*, 165 S.W.3d 336, 244 (Tex. 2005)). On review, we take evidence favorable to the nonmovant as true and indulge every reasonable inference from the evidence in its favor. *Id.* (citing *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997)). In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and evidence favorable to the nonmovant is accepted as true. *Cole v. Johnson*, 157 S.W.3d 856, 859 (Tex. App.—Fort Worth 2005, no pet.) (citing *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995)).

### *Applicable Law – Existence of Legal Duty*

We begin our discussion by analyzing whether a legal duty existed. Negligence and gross negligence are inextricably intertwined causes of action. *Gonzalez v. VATR Const., LLC*, 418 S.W.3d 777, 789 (Tex. App.—Dallas 2013, no pet.) (citing *Ford Motor Co.*, 967 S.W.2d at 390).

In general, to prevail on a cause of action for negligence, a plaintiff must prove three essential elements: "the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). Gross negligence requires a finding of negligence along with two additional elements: (1) the negligent act or omission must involve an extreme degree of risk, and (2) the actor must be actually and subjectively aware of the risk, but proceed without a conscious regard to the safety of others. *Shell Oil Co. v. Khan*, 138 S.W.3d 288, 293 (Tex. 2004); *Gonzalez*, 418 S.W.3d at 789. With regard to each of these claims, our threshold inquiry turns on the existence of a duty. The existence of a duty is a "question of law for the courts to decide from the facts surrounding the occurrence in question." *Gonzales v. O'Brien*, 305 S.W.3d 186, 189 (Tex. App.—San Antonio 2009, no pet.) (quoting *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)). Generally, no duty exists to prevent harm to others absent certain special relationships or circumstances. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000).

In its motions for summary judgment, Sanchez Construction argued it owed no legal duty to Kalinchuk as a matter of law because Kalinchuk was not its employee, it had no right of control over Kalinchuk's work, and Kalinchuk's injury was not reasonably foreseeable. To support its argument, Sanchez Construction relied on cases involving premises liability claims. *See Shell Oil Co. v. Khan*, 138 S.W.3d 288, 293 (Tex. 2004) (holding no evidence premises owner had right of control over independent contractor's work); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) ("Recovery on negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity."); *Wycoff v. Fuller Contracting Co.*, 357 S.W.3d 157, 160 (Tex. App—Dallas 2007, no pet.) (holding plaintiff's claim was premises liability rather than common law negligence because plaintiff was injured by unreasonably dangerous condition). According to Sanchez Construction, "Kalinchuk

purports to state a claim for negligence," when his claim is actually based on the theory of premises liability because he is seeking to recover for an injury allegedly created by a condition on the premises rather than for an injury created as a result of an activity. Therefore, according to Sanchez Construction, the question of duty involves a determination of whether it, an independent contractor hired by the City, owed Kalinchuk, an employee of the City, a duty to avoid creating a dangerous condition at the construction worksite.

In response, Kalinchuk argues Sanchez Construction owed him a common law duty to exercise reasonable care and avoid a foreseeable risk of harm. According to Kalinchuk, Sanchez Construction owed him a common law duty to move the bleachers as a reasonable person would have done to avoid a foreseeable risk of harm. Kalinchuk further contends that he produced evidence of foreseeability, establishing Sanchez Construction knew the bleachers could have been moved in a safer manner, but instead were placed on an uneven surface.

Whether Kalinchuk's claim is a claim for negligence as he argues or a premises liability claim as Sanchez Construction contends, the question of whether a duty exists remains the same in that it requires a balancing of interrelated factors that make up the risk-utility balancing test. *Compare De Lago Prtnrs. Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010) (applying risk-utility balancing factors to determine question of duty in premise liability case) *with Gonzales*, 305 S.W.3d at 189 (pointing out courts can create new duty based on risk-utility balancing test in negligence case). These factors include the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct and consequences of placing the burden on the defendant. *Gonzales*, 305 S.W.3d at 189. The "foremost and dominant consideration" in a duty analysis is foreseeability of potential risk. *Tex. Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 36 (Tex. 2002); *Gonzales*, 305 S.W.3d at 189. "Foreseeability means that a person who possesses ordinary intelligence should have anticipated the danger that his negligent act would create for

others." *Midwest Employers Cas. Co. ex rel. English v. Harpole*, 293 S.W.3d 770, 779 (Tex. App.—San Antonio 2009) (quoting *Garcia v. Cross*, 27 S.W.3d 152, 156) (Tex. App.—San Antonio 2000)); *see also Gonzales*, 305 S.W.3d at 189. However, "foreseeability alone is not sufficient to justify the imposition of a duty." *Golden Spread Council, Inc. v. Akins*, 926 S.W.2d 287, 290–91 (Tex. 1996); *see also Gonzales*, 305 S.W.3d at 189; *Harpole*, 293 S.W.3d at 779. Additionally, courts consider other factors, including: "(1) whether one party had a superior knowledge of the risk, (2) whether a party had a right to control the conduct of another, (3) whether societal changes require the recognition of new duties, (4) whether the creation of a new duty would be in conflict with existing statutory law, and (5) whether there are countervailing concerns that would support or hinder the recognition of a new duty." *Gonzalez*, 305 S.W.3d at 190; *see also City of Waco v. Kirwan*, 298 S.W.3d 618, 624 (Tex. 2009).

### *Application*

Here, the evidence demonstrates Sanchez Construction agreed to relocate the bleachers from inside the baseball field to outside the field. Both Jesse and Pablo testified they placed straps around the ends of sections of the bleachers and then used a forklift to lift the bleachers up and move them. Pablo testified he believed this was the safest way to move the bleachers without damaging them. Pablo also testified he was aware the surface outside the field was uneven and placing the bleachers on that surface could pose a hazard.

There is also summary judgment evidence that Kalinchuk saw Sanchez Construction employees move the bleachers in the manner described above. Kalinchuk testified, however, that when the employees lifted the bleachers, the bleachers were uneven and were "popping and cracking." He testified that sometimes the bleachers hit the wall as they were moved to the outside of the field. Kalinchuk stated that on one occasion, a strap broke, but Sanchez Construction

employees immediately placed the bleachers down to fix the strap. Jesse, however, testified he did not recall any straps breaking or popping or cracking noises.

According to Kalinchuk, this testimony — particularly, the testimony regarding the potential danger the bleachers posed after being placed on an uneven surface — is some evidence of foreseeability. Kalinchuk argues that as a result, he met his burden of producing evidence of the existence of a legal duty. However, as indicated above, this court has held that evidence of foreseeability alone is not sufficient to impose a duty. *See Gonzales*, 305 S.W.3d at 189; *Harpole*, 293 S.W.3d at 779. Although there was evidence Pablo knew the surface on which he was placing the bleachers could pose a hazard — and thus, evidence of foreseeability — Kalinchuk failed to produce any evidence of any of the other factors we must consider when determining whether a duty exists. *See Gonzales*, 305 S.W.3d at 189. (highlighting lack of evidence of other factors and therefore, holding no duty imposed). Here, there is no evidence that established Sanchez Construction in any way controlled Kalinchuk's conduct or work or the property on which the accident occurred. *See id.* (highlighting because no evidence that defendants controlled plaintiff's work or the property on which accident occurred, no duty existed). Rather, the undisputed evidence establishes Kalinchuk worked for the City as opposed to Sanchez Construction and Sanchez Construction did not have any authority over Kalinchuk or Kalinchuk's work. *See id.*

Kalinchuk refers this court to *Gattis Electric, Inc. v. Mann*, among other cases, to support his position that Sanchez Construction owed him a duty under general negligence principles. No. 03-14-00080-CV, 2015 WL 5096475, at *4–*5 (Tex. App.—Austin Aug. 26, 2015, pet. denied) (mem. op.). We find these cases distinguishable from the facts of this case. For example, in *Mann*, in determining whether a legal duty existed, the court analyzed the relationship between a subcontractor and an injured worker, who was not the subcontractor's employee. *Id.* The court concluded the subcontractor owed the injured worker a duty because the undisputed evidence

established the subcontractor exercised supervising authority over the injured worker and was responsible for the injured worker's work. *Id.* at \*5 (holding contractor owed duty to injured worker because contractor had authority to supervise and ultimately fire worker). Therefore, in that context, the subcontractor owed a duty to the injured worker. However, in this case, as set forth above, it is undisputed Sanchez Construction did not exercise any authority over Kalinchuk or the nature of Kalinchuk's work. There is no evidence establishing Sanchez Construction, like the subcontractor in *Mann*, was responsible for supervising Kalinchuk on the construction worksite; therefore, we cannot conclude Sanchez Construction owed a duty like the subcontractor in *Mann* to Kalinchuk under either general negligence or premises liability principles.

Finally, with regard to the remaining factors considered in determining whether a duty exists, Kalinchuk does not point to, nor have we found, any evidence that would justify the creation of a legal duty under these circumstances. Accordingly, we conclude Kalinchuk failed to produce a scintilla of evidence creating a fact issue to support the existence of legal duty owed to him by Sanchez Construction. We therefore overrule Kalinchuk's appellate issues and hold the trial court did not err in granting summary judgment in favor of Sanchez Construction as to both the negligence and gross negligence claims. *See Gonzalez*, 418 S.W.3d at 789 (holding that because summary judgment was proper on negligence, also proper on gross negligence).

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice